# Southern Railway *v.* Guyton.

*Action against Railroad Company by an Employe to recover Damages for Personal Injuries.*

| | |
|---|---|
| 122 | 231 |
| 130 | 473 |
| 131 | 858 |
| 122 | 231 |
| 132 | 515 |
| 122 | 231 |
| 135 | 576 |
| 122 | 231 |
| 186 | 494 |
| 122 | 231 |
| 141 | 229 |
| 122 | 231 |
| 144 | 226 |
| 144 | 245 |

1. *Action against railroad company; averment of negligence in complaint.*—In an action against a railroad company by an employe to recover damages for personal injuries, alleged to have been inflicted by reason of the derailment of a hand-car, averments in the counts of the complaint that the accident resulting in the injuries complained of was caused by reason of the fact that "said hand-car was out of plumb," or that "the hand-car was so improperly adjusted that it was likely to jump or be thrown from from the track;" are sufficiently specific in the description of the defect which caused the accident resulting in the injury.

2. *Same; sufficiency of plea averring contributory negligence.*—In an action against a railroad company by an employé to recover damages for personal injuries alleged to have been caused by reason of the derailment of a hand-car upon which the plaintiff was riding in the discharge of his duty, a plea which avers that "the plaintiff was himself guilty of contributory negligence in this, that he failed to use due and proper care for his own safety after he became aware of the danger," is equivalent to a general averment of negligence, and is, therefore, insufficient as settting up the defense of contributory negligence.

3. *Same; same.*—In such a case, a plea which avers that "the plaintiff voluntarily incurred the danger," which resulted in his

[Southern Railway v. Guyton.]

injury, is insufficient as presenting a defense to the action, in that it asserts no more than that the plaintiff's act at the time of the injury was without compulsion which falls short of showing an intentional assumption by him of an obvious risk.

4. *Pleading and practice; how demurrers considered on appeal.*— Where a demurrer to a plea is sustained, but on appeal it is not set out in the record, the appellate court will presume that some ground of demurrer was specifically assigned; and if the plea is ascertained to be bad, the appellate court, in order to sustain the ruling of the trial court, will presume that the ground of demurrer showing the vice of the plea was specifically assigned, and the sustaining of the demurrer will be upheld.

5. *Action against railroad company; when averments of negligence not sustained by proof.*—In an action against a railroad company by an employé to recover damages for personal injuries alleged to have been inflicted by reason of the derailment of a hand-car upon which the plaintiff was riding, while in the discharge of his duty, which accident was alleged to have been caused by the hand-car being out of plumb or because it was so improperly adjusted that it was likely to jump or be thrown from the track, the negligence averred is not sustained by the testimony of the section foreman, who had control of the plaintiff and car, that a few months before the accident he thought the car was out of repair and applied for a new one, but had afterwards concluded differently, and that his real reason for asking for a new car was that the old one was not as fast as he desired, but he had subsequently decided that there was nothing the matter with the car, and upon such testimony being the only evidence introduced to sustain such averments of negligence, the general affirmative charge should be given for the defendant.

6. *Statutory liability of employer for negligence to employe.*—To authorize the recovery of an employe against his employer for personal injuries resulting from negligence, it must appear that at the time of the injury the plaintiff was in the employment of the defendant under a pending contract, and that the injury was received while he was rendering the particular service required by that employment, or was obeying the orders of a superior to which he was bound to conform; and if the employe abandons the work assigned to him by his employer and voluntarily undertakes to do other work about which he had no duties to perform by virtue of his employment there ceases to be any duty on the part of the employer

[Southern Railway v. Guyton.]

to use care for the safety of the employe growing out of the contractual relation existing between them.

7. *Same; same; specially assigned duty within the scope of the employment.*—The scope of employment in the discharge of duties by which the employer owed the employe the duty of exercising care to prevent injury, includes work specially assigned to an employe by the employer, as well as the particular service required by the contract of employment; and if by reason of the negligence of the employer the employe is injured in doing the work so specially assigned to him, the employer is liable for damages.

8. *Same; same; assumption of risk by employe.*—While an employe is bound to exercise ordinary care for his own safety and, if he voluntarily undertakes to do work attended with obvious danger, he impliedly assumes the risk involved in its execution, it does not follow that such employe is guilty of negligence in doing such work merely because he knows it to be dangerous, without regard to the degree of danger and risk involved, unless it be of a degree which should deter an ordinarily prudent man from undertaking it; and in action by an employe to recover damages for alleged negligence on the part of his employer, where the issue is raised as to the plaintiff's voluntary assumption of the risk, the question as to whether or not the doing of the act, which resulted in the injury, involved such obvious danger as to preclude the plaintiff from recovery is one to be determined by the jury.

9. *Action against a railroad; admissibility of evidence.*—In an action against a railroad company by an employe to recover damages for injuries caused by the derailment of a hand-car where upon the evidence introduced there is doubt as to the manner in which the accident complained of occurred, testimony relating to the condition of the hand-car in question is relevant and admissible.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This action was brought by the appellee, Charles H. Guyton, against the Southern Railway Company, to recover damages for personal injuries to the plaintiff, alleged to have been caused by reason of the negligence of the defendant.

The complaint contained five counts. The first count, after alleging that the defendant was a railroad company operating a railroad, and that the plaintiff was in the employ of the defendant in the capacity of a section hand

and was so engaged at the time of the accident, then alleges, that while so engaged it became the duty of plaintiff to be upon a hand-car operated by the defendant on its road, while the same was in motion, and that a pair of trucks, consisting of two pair of wheels, while following said hand-car down a grade upon the road of defendant's track, collided with said car, and the hand-car was thrown from the track, and as the proximate consequence thereof the plaintiff's foot was broken, mashed and lacerated, from the effects of which injury the plaintiff was crippled and rendered permanently less able to work than before. The first count then alleges the negligence as follows: "Plaintiff avers that said car was thrown or jumped from the track as aforesaid, and plaintiff's said injuries and damages were caused, by reason of defects in the condition of the ways ,works, machinery, or plant connected with, or used in the said business of defendant, which said defects arose from, or had not been discovered or remedied owing to the negligence of defendant, or of some person in the service of defendant, and entrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition, viz., the track at said place of derailment was not sufficiently firm, strong, and in line."

In the second and third counts, the plaintiff adopted all of the first count down to and including the word "viz.", and then in the second count it averred that "said hand-car was out of plumb," and in the third count, averred that "the said hand-car was so improperly adjusted that it was likely to jump or be thrown from the track." In the fourth count the plaintiff adopted the prefatory averments of the first count, and then further averred, "that said car was thrown or jumped from the track as aforesaid and plaintiff's said injuries and damages were caused by reason of the negligence of a person in the service or employment of defendant, who had superintendence entrusted to him, whilst in the exercise of such superintendence, viz., one Hixon, a section boss of defendant, negligently caused or allowed said wheels to follow said hand-car down grade as aforesaid without proper and sufficient care and precaution to prevent said wheels from colliding with said hand-car."

To the fifth count, the defendants' demurrers were sustained, and it is, therefore, unnecessary on this appeal to set out the allegations of said count. The defendant demurred to the second and third counts of the complaint, upon the following grounds: "1st. Because the defect complained of is not sufficiently set forth therein. 2d. Because it is not averred, with sufficient certainty, wherein said hand-car was defective." This demrurer was overruled and the defendant duly excepted. Thereupon the plaintiff pleaded the general issue and the following special pleas: "2d. And for further answer to each of said first and fourth counts of the complaint, defendant says that the plaintiff was himself guilty of contributory negligence in this, that he failed to use due and proper care for his own safety after he became aware of the danger of a collision of said wheels with said car, by reason whereof he suffered the injury complained of.

"3d. Defendant further answering each of said first and fourth counts, says that the plaintiff voluntarily incurred the danger of collision which resulted in his injury by reason whereof he sustained the injury complained of.

"4th. Defendant further answering each of said first and fourth counts of the complaint says, that the plaintiff with knowledge or notice of the danger of collision between said wheels and said car, voluntarily remained on said car in a place of danger, by reason whereof he sustained the injury complained of."

"6th. Defendant, for further answer to the complaint and to each count thereof, says that the plaintiff was aware of the fact that the said trucks were on the track behind said lever-car and following it, and that they were to be propelled in that condition, and that it was dangerous and unsafe to do so, and dangerous and unsafe for him to then and there ride on said lever-car on its trip down said grade, but he negligently got upon said car and negligently did ride thereon, and thereby voluntarily incurred the risk of injury to himself, and that his doing so proximately contributed to his injury.

"7th. Defendant, for further answer to the complaint and to each count thereof, says that the plaintiff, with knowledge or notice of the danger of collision between

said wheels and said car, voluntarily and negligently remained on said car in a position which was unsafe and dangerous, whereby and by reason whereof he was injured:"

In the judgment entry it is recited that demurrers to the 2d and 3d pleas were sustained, and demurrers to the 6th and 7th pleas were overruled, but these demurrers do not appear in the record.

On the trial of the cause, the evidence showed that the plaintiff was in the employment of the defendant as a section hand, and was in the squad controlled by his brother, J. D. Guyton, who was a section foreman; that on the day of the accident, said J. D. Guyton, W. E. Hixon and one Brooks, three section foremen, together with their section hands, were at work at a wreck, which had occurred in the section presided over by W. E. Hixon; that during the work in the adjustment of said wreck, it was necessary to have the trucks of a pole car, which had been left on the side of the track by section foreman J. D. Guyton; that plaintiff knew where said trucks had been left, and that he went with section foreman Hixon and some of his men on the hand-car known as a lever-car, to show them where said trucks were; that the trucks were placed on the track immediately behind the lever car, without being coupled or connected with it; that as they started back to the scene of the wreck they were on a down grade (described by some of the witnesses as a "heavy down grade,") and the trucks followed the lever car of their own momentum; that the plaintiff was standing on the back of the lever-car and after going about a quarter of a mile the lever-car jumped the track, at which time the trucks following it collided with it, and in the accident the plaintiff suffered the injuries complained of.

W. E. Hixon, the section foreman, as a witness, testified that he had no control over the plaintiff and was not authorized to give him any orders, and that the plaintiff volunteered to show him where the trucks were, and without being requested, assisted his, Hixon's, squad, in placing the trucks on the track.

J. D. Guyton, as a witness, testified, that he and the other two section foremen were under the control of

Road Supervisor Nelson, and that Nelson instructed Guyton to send his squad of men to work under Foreman Hixon at the wreck; that he did this, and all of the section hands, including plaintiff, were instructed that they must do whatever said Hixon instructed them to do.

The plaintiff as a witness in his own behalf, testified that while he was at work at the scene of the wreck, under instructions from section foreman Guyton, he was asked by Hixon to go with his men to show him where the trucks were, and that it was in obedience to this direction from Hixon that he was on the hand-car at the time of the accident. The other facts of the case necessary to an understanding on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charge: "Unless the jury believe from the evidence that it was so obviously dangerous to ride on the hand-car under the circumstances under which plaintiff rode, that a man of ordinary prudence would not have undertaken the risk, and if the jury further believe from the evidence that in so riding plaintiff was in the due performance of his duty as an employé of defendant, then so riding on said car would not of itself prevent plaintiff from recovering a verdict in this case." The defendant separately excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "If the jury believe the evidence in this case, they must find a verdict for the defendant." (3.) "If the jury believe the evidence in this case, they must find a verdict for the defendant on the second count of the complaint. (4.) "If the jury believe all the evidence in this case, they must find a verdict for the defendant on the third count of the complaint." (5.) "If the jury believe the evidence in this case they must find a verdict for the defendant on the fourth count of the complaint." (6.) "If the jury believe from the evidence that plaintiff assisted in placing the wheels on the track of the railroad in the rear of the hand-car, and that he knew that this was a dangerous thing to be done, and that nevertheless he did it, and subsequently rode on the hand-car, and that the

wheels which were so placed on the track caused the derailment of the hand-car and the injury to the plaintiff, they must find a verdict for the defendant." (9.) "The court charges the jury that under the evidence in this case, the plaintiff was himself guilty of proximate contributory negligence, and can not recover a verdict against the defendant." (10.) "The court charges the jury, that if they believe from the evidence that the plaintiff was under the management and control of J. D. Guyton, and not of Hixon, and that plaintiff volunteered his services, just before he was hurt, to Hixon, and while so engaged with Hixon in voluntary service, was injured, he can not recover in this action against the defendant." (11.) "The court charges the jury, that if they believe from the evidence that, ordinarily and up to the time when the plaintiff started out with Hixon to get the wheels, the plaintiff was a member of J. D. Guyton's crew, and under his control, and subject to his orders or control, and that in going with Hixon's crew to get the wheels, and in and about doing the work of removing the wheels and being on the car, and doing the service he was engaged in when injured, he was a mere volunteer, performing service for the accommodation merely of Hixon, their verdict must be for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $1,450. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & WEATHERLY, for appellant.

No counsel marked as appearing for appellee.

SHARPE, J.—This action was brought by appellee under the statute known as the employers' act, to recover for injuries sustained by him while engaged in operating a hand-car, which injuries are alleged to have resulted from negligence imputable to the appellant by whom he was employed.

The complaint contains five counts which vary only in respect to the kind of negligence averred as having caused the injury. A demurrer was interposed to each of

the second, third and fifth count, and those to the second and third counts, respectively, were overruled, and that to the fifth count was sustained. The general issue and several special pleas, each setting up contributory negligence, were interposed to the first, second, third and fourth counts, respectively. On the trial the defendant requested a general affirmative charge in its favor as to the whole case, and separately as to each of the counts 1, 2, 3 and 4, of which charges, that relating to the first count was given by the court, and those relating to the whole case and to the second, third and fourth counts, respectively, were refused.

Counts 2 and 3 of the complaint are, under our system of pleading, sufficiently specific in respect to the defects alleged to have caused the accident, and, therefore, were not subject to the demurrers.—*Mary Lee Coal & Railway Co. v. Chambliss*, 97 Ala. 171; *Ga. Pac. R'y Co. v. Davis*, 92 Ala. 307.

Plea 2 avers as a mere naked conclusion the want of due care on the part of the plaintiff, which is equivalent only to a general averment of negligence, and was therefore insufficient.

The averment of plea 3, that the plaintiff voluntarily incurred the danger of collision, taken in a usual sense and in the sense that will be accorded to it as against the pleader, asserts no more than that the plaintiff's action was without compulsion, which falls short of showing an intentional assumption by him of an obvious risk.

The demurrers to these pleas do not appear in the transcript, but in such case we will presume that they were upon proper grounds.—*Hodge et al. v. Tufts*, 115 Ala. 366.

The evidence is not sufficient to support the second and third counts of the complaint. The nearest approach to proof of the defects alleged to have caused the derailment of the car appears in the testimony of the witness Hixon, to effect that within a few months prior to the accident he had thought and stated that the car was out of plumb or out of repair and had applied for a new car, but that he had afterwards concluded differently, and could not say as matter of fact or opinion that it was out of plumb or out of repair, that his real reason for apply-

ing for a new car was that this one did not run as fast as he desired, but upon subsequent tests of speed he fully decided that there was nothing the matter with the car, and that there might or might not have been. The appellee was not entitled to recover under the second or third counts without proof of the alleged defect and also of its causal connection with the injury, neither of which facts are here shown, and therefore there was error in refusing charges numbered 3 and 4 requested by appellant.

Appellant's charges numbered 10 and 11 should have been given. If an employé quits the work assigned to him by his employer and voluntarily undertakes to do work about which he had no duties to perform by virtue of the contractual relation existing between him and his employer, then while such condition exists the duty growing out of that relation of using care for his safety does not rest on the employer. Therefore, the rule obtains that to hold an employer liable as such for injury resulting from a breach of such duty, it must appear that the employé was at the time of the injury acting within the scope of his employment.—*Ga. Pac. Railway v. Propst*, 85 Ala. 203. Such scope, however, would include work specially assigned to him by the employer as well as that upon which he was usually employed.

In the testimony of the witness Hixon there was evidence tending to show that plaintiff was a mere volunteer in the operation of the hand-car and trucks; while on the other hand there was evidence tending to show that he was employed by appellant to work as a section hand on its road-bed, that he had been working under foreman J. D. Guyton on the section adjoining the one upon which he was then working, that on the day of the injury J. D. Guyton, by direction of Supervisor Nelson who had control of the foremen and crews of both sections, sent appellee to work under foreman Hixon on his section, where pursuant to his directions he was so working when injured. If such was the true condition, it could not be held that appellee was acting out of the scope of his employment, nor did ignorance of those directions on the part of Hixon affect the real relation existing between the plaintiff and defendant, nor the relation in which he as superintendent stood to the plaintiff,

[Southern Railway v. Guyton.]

if he was in fact exercising superintendence. The inquiry as to whether the appellee was such volunteer being a material one and the testimony being in conflict thereon, it was proper to be submitted to the jury as requested by charges 10 and 11.

Charge 6 relates to the defense of contributory negligence, and may be considered together with the other charges as to which error is assigned, since if it be held good it would seem to follow that the defendant was entitled to the general affirmative charge as to the whole case.

An employé is held by the law to the use of ordinary care for his own safety; so that if he voluntarily undertakes to do work attended with danger which is obvious, he impliedly assumes the risk involved in its execution. It does not follow, however, that he is guilty of negligence in working merely because he knows the work to be dangerous without regard to the degree of danger and risk involved, nor unless it be of a degree which would ordinarily deter one of ordinary prudence from the undertaking.—*Woodward Iron Co. v. Andrews*, 114 Ala. 243; *Eureka Co. v. Bass*, 81 Ala. 200. The rule requiring the exercise of ordinary prudence applies in determining the question of negligence on the part of the plaintiff, and it also applies in fixing the charge of negligence upon the defendant, but with this additional consideration, that in the matter of investigating a risk which is not plainly apparent in the nature of the work, the employer and employé do not always stand on the same footing, since the employé may to some extent rely upon the judgment of the employer, or of a superior in the same service.—*Cook v. Railroad*, 34 Minn. 45; *Russell v. Railroad*, 32 Minn. 230; 7 Am. & Eng. Ency. Law, 423; Wood's Master and Servant, 718 *et seq*. This principle is applicable in this case in connection with the plaintiff's testimony to effect that the foreman told him that the transaction in question was not dangerous. Whether so sending the trucks involved much or little danger depended mainly upon the grade by which the road descended, which does not appear from the evidence more definitely than by the statement of a witness that it was a "very heavy grade," together with such infer-

16

ences as may be drawn from the statement of a witness to effect that the truck ran down by its natural force at a speed of five or six miles per hour. The principle applicable to such facts is that which leaves the question of negligence to the jury though the facts be undisputed where the inference to be drawn from them is uncertain. Charge 6, whether considered abstractly or with reference to the evidence, would compute to the plaintiff contributory negligence upon the hypothesis merely that he knew the undertaking to be dangerous without regard to the degree of danger apparent, and was properly refused.

There was evidence tending to show that appellee's foot was injured by the truck which by the foreman's direction followed the hand-car down the grade without means for controlling its descent. In view of this phase of the testimony and of all the circumstances in proof, it was proper to submit the questions arising under the fourth count of the complaint as well as the question of contributory negligence, to the consideration of the jury.

The manner in which the accident occurred is in doubt, and the evidence relating to the condition of the hand-car was relevant upon that inquiry.

For the errors mentioned the judgment is reversed and the cause remanded.

Reversed and remanded.