# Pioneer Mining & Mfg. Co. *v.* Smith.

*Action for Damages for Death of Employe.*

(Decided April 11, 1907. 43 So. Rep. 561.)

*Master and Servant; Injuries to Servant; Assumption of Risk; Jury Question.*—Where the defect in a roof of a mine entry had been reported to the master, and he had attempted to remedy it, and assured the servant that it was no longer dangerous, and it was not shown that the servant knew of the danger, or that the defect was open to ordinary observation, after the attempt to remedy it, the servant's failure to examine the roof was not negligence as a matter of law, nor did he, as a matter of law, assume the risk.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by A. J. Smith, administrator, against the Pioneer Mining & Manufacturing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

This was an action begun by appellee against appellant, under subdivision 1, § 1749, Code 1896. The defect alleged is that the roof of the main entry of defendant's mine was so insecurely supported that a portion thereof fell upon plaintiff's intestate, injuring him as aforesaid, so that he died; also the negligence of the master, or some person in the service of the master and intrusted by it with the duty of seeing that the ways, works and machinery or plant were in proper condition. The complaint was afterwards amended by striking out the words "as aforesaid," and inserting in lieu thereof from the words "the roof" down to and includ-

ing the words "a very large rock, weighing several tons, was allowed to remain in the roof of No. 6 east entry of defendant's mine in a loose and dangerous condition, in a condition in which it was likely to fall at any time, and said rock did fall upon plaintiff's intestate, injuring him as aforesaid." Defendants filed two special pleas, besides the pleas of the general issue. The special pleas were: Plea 3: "And for further answer to the complaint, the defendant says that the plaintiff's intestate was engaged in the work of 'drawing stumps' in one of the mines of the defendant; that the work of drawing stumps involved the pulling down of pillars in the entry or heading which had been left to support the overhead roof; that when the stumps are drawn the roof is liable to fall in, and this fact was known to plaintiff's intestate when he undertook the said work; that it was the duty of plaintiff's intestate, or those working with him, to see that the roof back of the place where they were at work was properly supported before drawing the stumps which were intended to support the roof; and that plaintiff's intestate negligently failed to prop, or to see to it that the roof was propped, at the place where the injury occurred, and his said negligence proximately contributed to his injuries." Plea A: "Defendant says that the plaintiff's intestate had knowledge of the defects complained of in the complaint, and the danger arising from said defect was obcious or open to ordinary observation, or was known to said intestate, and the intestate negligently remained in said service, or negligently allowed himself to be under said rock, which fell, and that said intestate then and thereby assumed the risk incident to being under said rock." There was judgment for plaintiff in the sum of $2,000, and defendant appeals.

CAMPBELL & JOHNSON, for appellant.—The general affirmative charge for defendant should have been given.—*Knowles' Case,* 129 Ala. 410; *Thomas' Case,* 133 Ala. 279; *Wicker Co. v. Bass,* 81 Ala. 200; *Allen's Case,* 99 Ala. 359; *Richard v. Rough,* 53 Mich. 212. Charge 2 requested by defendant should have been giv-

en.—*Southern Ry. Co. v. Howard*, 135 Ala. 640; *Coosa Co. v. Williams*, 133 Ala. 611. An unexplained failure to shun danger is want of ordinary care, the equivalent of negligence.—*Tuscaloosa W. W. Co. v. Herron*, 131 Ala. 81. Charge 3 should have been given.—*Eureka Co. v. Bass, supra; Allen's Case, supra; Thomas v. Bellamy*, 126 Ala. 253. Charge 7 should have been given.— *Thomas v. Bellamy, supra; Davis' Case*, 119 Ala. 573.

DENSON & DENSON, for appellee.—Requests for instructions refused, and assigned as error but not insisted on in brief will not be considered.—*Daniels v. Bradford*, 132 Ala. 264; *Terrell Coal Co. v. Lacey*, 31 South. 112. Errors assigned for the overruling of demurrers not insisted upon in argument or brief are waived.—*Western Ry. of Ala. v. Arnett*, 137 Ala. 425; *Thornton v. Dwight Mfg. Co.*, 137 Ala. 213; *Gilliland v. Dunn*, 136 Ala. 230; *Beyer & Son v. Fields*, 134 Ala. 236; *Clem v. Wise*, 133 Ala. 409. Under the facts in this case the court was justified in refusing the charges requested and submitting the case to the jury.—*Southern Ry. Co. v. Shields*, 121 Ala. 460; *Southern Ry. Co. v. Guyton*, 122 Ala. 241; *Southern Ry. Co. v. Howell*, 135 Ala. 648.

ANDERSON, J.—The appellant's counsel insists upon a reversal of this cause solely upon the refusal of the trial court to give the general charge requested by the defendant. The complaint was predicated upon subdivision 1 of the employer's liability act (section 1749 of the Code of 1896). There was proof of the defect complained of, that it was known to the master, that the master negligently failed to remedy the same; and that said negligence was the proximate cause of the intestate's death; and the defendant was not entitled to the general charge under the general issue.

Plea 3 was one of contributory negligence, ascribing the intestate's death to his negligent failure to prop the roof, which it was a part of his duty to do. There was evidence from which the jury could well infer that it was the duty of the defendant, and not the intestate,

to remove, prop, or make safe the point in the mine at which the rock fell; and this plea was, therefore, not proven beyond dispute.

Plea A sets up an assumption of risk by the intestate, and presents the question most seriously insisted upon by counsel as a basis for the general charge in favor of the defendant. There can be no doubt as to the soundness of the proposition that, where the servant continues to work after discovering the defect or danger or that it is patent and open to ordinary observation, he assumes the risk of consequences and continues to work at his own peril.—*Sloss Iron Co. v. Knowles,* 129 Ala. 410, 30 South. 584. But the rule is also, as stated by Mr. Bailey in his work on Personal Injuries (section 899) : "Master and servant do not stand upon an equal footing, even when they have equal knowledge of the danger. The position of the servant is one of subordination and obedience to the master, and he has the right to rely upon the superior skill of the master, and is not entirely free to act upon his own suspicions of danger. If a servant, being ordered into a position, obeys and is injured, he will not be held to be guilty of contributory negligence, unless the danger is so glaring that a reasonably prudent person would not have entered into it." And our decisions are in line with this rule.—*Southern R. R. v. Guyton,* 122 Ala. 241, 25 South. 34; *Southern Ry. Co. v. Shields,* 121 Ala. 460, 25 South. 11, 77 Am. St. Rep. 66; *Southern R. R. v. Howell,* 135 Ala. 648, 34 South. 6.

It may be true that the intestate and other miners knew of the dangerous condition of the rock up to the time the fact was reported to Hillhouse, and up to the time defendant attempted to remedy it; but the evidence on the part of the plaintiff tended to show that the intestate and others had been assured by Hillhouse and Marcus that the dangerous portion of the rock had been removed and that the point from which the rock fell was no longer dangerous. There is no proof that the intestate knew of the dangerous condition of the rock after these assurances. True, the witness Jones testified that he considered it dangerous after the re-

moval of a portion thereof, and that the intestate worked nearer to it than he did. This may all be true, yet it does not show beyond dispute that the intestate knew of the danger, or that the defect was open and glaring to ordinary observation after the attempt to remedy the same. Jones may have made a close test or examination, which the intestate may have failed to do, owing to the assurances given him as to its safety by Hillhouse and Marcus; and his said failure to examine the rock cannot be said, as matter of law, to be negligence, and it was at least a question for the jury.—*Burgess' v. Davis Co.*, 165 Mass. 71, 42 N. E. 501; *Haas v. Balch*, 56 Fed. 984, 6 C. C. A. 201; *Lake Superior Co. v. Erichson*, 29 Mich. 492, 33 Am. Rep. 423; Labatt on Master and Servant, 453.

It cannot be said that the opportunities of the master and servant for discovering the defect at or just before the falling of the rock were the same. It is true that under ordinary circumstances the opportunity of the intestate was as good or better than that of his superiors; but at this particular time an examination had been made by the master, and an attempt was made to remedy the defect, and the intestate had some right to rely upon the assurances that the danger no longer existed, and the trial court properly submitted the case to the jury under all the pleas, and properly refused the general charge requested by the defendant.

The judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.