(87 South. 612)

### FAIL v. GULF STATES STEEL CO.
### (7 Div. 25.)

(Supreme Court of Alabama.   Dec. 23, 1920.)

1. Attorney and client ⬅190(4)—On intervention by attorney to prosecute suit liability must be adjudicated as though an original suit.

Where the original plaintiffs accepted settlement, and their attorney filed a petition in intervention to prosecute the suit to collect his fee, the question of liability must be determined as it would have been in the prosecution of the original suit.

2. Attorney and client ⬅190(4)—Petition by attorney to intervene should show settlement of original suit.

Where, on plaintiffs' accepting settlement in the original suit, their attorney petitioned to intervene to prosecute the suit to recover his fee, the petition of intervention should show settlement of the original suit.

3. Master and servant ⬅216(3)—Risk of negligence of superintendent not assumed.

Where negligence of master's superintendent was relied on, assumption of risk is not a defense.

4. Master and servant ⬅262(4)—Plea held one of contributory negligence.

Where a count relied on the negligence of the master's superintendent, a plea that the deceased servant voluntarily assumed the risk of injury, in that at the time of his death he had just finished digging a hole between concrete piers and packed the dirt against one of them, is a plea of contributory negligence and sufficient as against demurrer.

5. Pleading ⬅76—Character of plea must be determined by facts set up.

The character of the plea must be determined by the facts set up therein, and not by any particular-language.

6. Pleading ⬅204(5)—Where plea was good as to at least one count, demurrer not addressed to it specifically as answer to another count should be overruled.

In an action for the death of a servant, where a plea, though it was one of assumption of risk, was good as to one count of the complaint, a demurrer to the plea generally, and not on the ground that it was insufficient as an answer to the count based on negligence of the master's superintendent, should be overruled.

7. Attorney and client ⬅190(2)—Where client reserved right to settle, attorney cannot have case continued to recover from defendant.

Where a contract of employment between client and attorney allowed the client to make settlement, the attorney, on the client having exercised that right, is not entitled to have the case continued for the purpose of recovering his fee.

8. Champerty and maintenance ⬅5(1, 8)— Where attorney agreed to pay client, contract is champertous, and attorney cannot recover fee on client's settlement.

Where an attorney solicited an action, and agreed to maintain the widow of the decedent and pay her a sum of money prior to judgment, the contract was champertous, under Code 1907, §§ 2986, 6312, and, the client having made settlement, the champertous nature of the contract is a defense to a petition by attorney to intervene to prosecute the action to collect his fee.

9. Trial ⬅296(2)—Error in charge harmless, in view of other charge.

Where plaintiffs in a death action made settlement, and their attorney petitioned thereafter to intervene and prosecute the action for the

collection of his fee, a charge that plaintiffs had settled whatever claim they had was not misleading, and did not constitute reversible error; the court in its oral charge and other instructions in writing making clear to the jury that the settlement on the part of the plaintiff did not prohibit recovery by the attorney.

**10. Trial ⬉240—Argumentative instructions may be refused.**

It is never reversible error to refuse requested instructions which are argumentative.

**11. Trial ⬉240—Instruction on contributory negligence of servant properly refused, being argumentative.**

A requested charge that master and servant do not stand on equal footing, though they have equal knowledge of the danger, the position of the servant being one of subordination and obedience, and that he has the right to rely on the superior skill of the master, and on being ordered into a position of danger he will not be guilty of contributory negligence, unless the danger is so glaring that a reasonably prudent person would not have entered into it, is argumentative, and, though containing a correct statement of law, was properly refused.

**12. Negligence ⬉141(8)—Charge using "proximately caused" held erroneous.**

A charge on contributory negligence is incorrect in using the words "proximately caused," instead of "proximately contributed."

**13. Master and servant ⬉270(8)—Evidence as to foundation of piers inadmissible.**

In an action for the death of a servant, killed while digging between concrete piers, where there was evidence as to the foundation, testimony as to a foundation 75 or 100 feet distant was properly excluded.

**14. Appeal and error ⬉1058(3)—Exclusion of opinion evidence harmless, in view of other evidence.**

The exclusion of opinion evidence harmless in any event, where the same facts were shown by the testimony of another witness.

Brown, J., dissenting.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Mattie Fail, as administratrix, and another against the Gulf States Steel Company for damages for death of her intestate. Before trial the damages were settled between the parties, and W. A. Denson, attorney for plaintiff, intervened to recover attorney's fee. From a judgment for defendant, he appeals. Affirmed.

Count 1 alleges that the death of the intestate was proximately caused by the negligence of one McIntyre, a person in the service or employment of the defendant, who had superintendence intrusted to him, whilst in the exercise of such superintendence, which negligence consisted in this: Said McIntyre negligently caused said concrete structure to fall upon the intestate of the plaintiff, in that said McIntyre negligently failed to brace said concrete structure before putting intestate to work digging a hole 15 inches deep beside said structure.

Count 2 based the negligence on defendant's negligent failure to provide intestate with a reasonably safe place to perform the duties of the defendant.

Plea 5 is as follows:

"Further answering the complaint, and each separate count thereof, defendant says that plaintiff's intestate voluntarily assumed the risk of so being injured, in that, at the time plaintiff's intestate was killed, he had just finished digging deeper a hole in the ground, which hole was, to wit, 8 feet long, 7 feet wide, and 6 feet deep, in which said hole and within a few inches of each end thereof there had theretofore been placed a concrete pier 6 feet long, 5 feet deep, and 2½ feet wide; that between each of said concrete piers at each end of said hole there was a space of a few inches, and between said concrete piers there was a space of 2 feet 6 inches, in which last-named space plaintiff's intestate was working; that plaintiff's intestate had just finished deepening said hole in the space between said concrete piers to the additional depth of, to wit, 20 inches; that intestate threw the dirt taken from the bottom of said hole between said piers, in deepening said hole, in the space between one of said piers and the end of said hole nearest said pier, and packed said dirt in said space; that intestate knew that the throwing and packing of said dirt in said space would push said pier away from said end of said hole, and cause it to slide toward the place where intestate was at work and toward said other pier, and he appreciated the danger of said pier being pushed and slid against him and said other pier, and pinning him between it and said other pier, and injuring him, and he voluntarily continued to occupy the space between said two piers until said pier was pushed and slid by said dirt against intestate and said other pier, and inflicted the injuries resulting in his death."

The other pleadings sufficiently appear.

The following are the charges made the bases of assignments of error:

Assignment 15, charge 4: "I charge you, gentlemen, that if Mr. Denson, as an inducement to plaintiffs to employ him to bring and prosecute the suit, agreed to and did pay Mrs. Fail $100, your verdict should be for the defendant."

Assignment 17, charge 5: "If Mr. Denson agreed with the plaintiffs, at the time they entered into the contract of employment with him, that they should have and retain the right to settle and compromise this case, the verdict should be for the defendant."

Assignment 17, charge 6: "If Mr. Denson went to the plaintiff, when he did know them and without invitation from them, and asked them to give him this case, and if as an inducement to them to enter into the contract with him, employing him to bring and prosecute the suit, he represented to them that he was worth $100,000, and guaranteed to them that he would secure a verdict of at least $10,000,

and if he did not he would give plaintiffs $5,000, and if he also agreed to support Mrs. Fail and her children, or keep them up, till he collected the verdict, and agreed to pay her and did pay her $100, then the contract employing Mr. Denson is void, and your verdict will be for the defendant."

Assignment 18, charge 7: Practically same as 6.

Assignment 20, charge 9: Same as 4.

Assignment 21, charge 10: Same as 6.

Charge A; refused to the plaintiff, is as follows:

"No contributory negligence on the part of Fail can defeat a recovery in this case, unless said contributory negligence proximately caused his death."

W. A. Denson, of Birmingham, for appellant.

Plea 5 was a plea of assumption of risk, and was not good as an answer to count 1. 194 Ala. 304, 69 South. 937; 174 Ala. 601, 56 South. 539. Charge D should have been given as requested. 171 Ala. 272, 55 South. 181; 168 Ala. 653, 53 South. 162; 150 Ala. 359, 43 South. 561. Charge A should have been given to the plaintiff. 84 Ala. 148, 4 South. 142; 85 Ala. 180, 4 South. 607, 7 Am. St. Rep. 35; 80 Ala. 620, 2 South. 738; 91 Ala. 455, 8 South. 754, 11 L. R. A. 619, 24 Am. St. Rep. 929; 121 Ala. 121, 25 South. 847; 134 Ala. 301, 32 South. 700; 154 Ala. 572, 45 South. 702; 162 Ala. 642, 50 South. 209; 164 Ala. 111, 51 South. 426; 161 Ala. 374, 49 South. 467. Court erred in instructing the jury that they could not find a verdict for the plaintiff in this case. 198 Ala. 383, 73 South. 531; 194 Ala. 175, 69 South. 601. Counsel discuss the assignments of error relative to evidence, but in view of the opinion it is not deemed necessary to here set them out.

Hood & Murphree, of Gadsden, for appellee.

At the time of the ruling complained of as to plea 5, the demurrer was not addressed to the plea as filed to either counts 1 or 2. 79 South. 719; 174 Ala. 657, 56 South. 1013; 183 Ala. 262, 62 South. 871; 183 Ala. 490, 62 South. 845; 198 Ala. 90, 73 South. 436. As a plea of assumption of risk, plea 5 was good as to count 2. 194 Ala. 304, 69 South. 937. In fact, plea five was a plea of contributory negligence. The court did not err in overruling demurrers to the special pleas B, C, and D. Sections 2985, 2986, 2991, 2992, 6312, 6313, Code 1907; 117 Tenn. 263, 98 S. W. 178, 9 L. R. A. (N. S.) 282, 119 Am. St. Rep. 1003, 10 Ann. Cas. 829. The charges followed the pleas, and were good. Counsel discuss other assignments of error, but without further citation of authority.

GARDNER, J. This suit was originally brought by the representatives of the estate of L. F. Fail, deceased, against the Gulf States Steel Company and one McEntyre, to recover damages for the death of said deceased while in the employ of said Steel Company, and consisted of one count under subdivision 2 of the Employers' Liability Act. The judgment recovered by the plaintiffs was reversed on appeal to this court. Gulf States Steel Co. v. Fail, 201 Ala. 524, 78 South. 878. Upon remandment of the cause plaintiff amended the complaint, by striking McEntyre as a party defendant, and subsequently, also, added count 2 resting for recovery upon negligence of defendant in failing to furnish decedent a reasonably safe place in which to work. After reversal of the cause plaintiffs reached a settlement with defendant, and accepted a given sum in full satisfaction of the claim, executing a written release, which was pleaded by defendant as in accord and satisfaction.

[1] Plaintiff's attorney then filed his petition for intervention for the purpose of prosecuting the suit to recover attorney's fee. This trial resulted in a verdict and judgment for defendant, from which intervener prosecutes this appeal. Upon the trial of this intervention proceeding the question of liability is to be determined as it would have been in the prosecution of the original suit. Denson v. Ala. Fuel & Iron Co., 198 Ala. 383, 73 South. 525.

[2] A demurrer to the original petition of intervention was sustained, upon the theory that the petition should show that the original suit had been settled. We think this should have been shown, so as to disclose the petitioner's right to intervene, and there was no error in this ruling.

[3] As to the original cause of action, the case was tried upon counts 1 and 2 and the plea of general issue thereto, and pleas of contributory negligence. Count 1 rested for recovery upon the negligence of defendant's superintendent, and appellant insisted that plea 5 was one of assumption of risk, and therefore insufficient as an answer to said count. Standard Steel Co. v. Clifton, 194 Ala. 304, 69 South. 937.

[4-6] The character of plea, however, is to be determined by the facts set up therein, and, guided by this rule, we are of opinion that plea 5 is merely a plea of contributory negligence, and as such sufficient as against the demurrer interposed thereto. Moreover, the argument of appellant's counsel fails to take note of count 2 to which reference has previously been made. The demurrer is not addressed to this plea specifically as an answer to count 1, and for this reason, also, it would seem that this ground of demurrer would not be well taken.

[7] The defendant also filed special plea B, setting up the full satisfaction of the claim with the representatives of the decedent's estate, and that in the contract of employment of intervener as attorney, it was ex-

pressly agreed between the parties that the plaintiffs should retain the right to settle or compromise the cause of action. Demurrer to this plea was properly overruled.

[8] Demurrer was also overruled to pleas C and D. These pleas, in substance, set up that the contract of employment of intervener was champertous and void, in that intervener, who was a stranger to the plaintiff, solicited the employment, and, as an inducement to the contract, guaranteed a verdict of several thousand dollars, and, as further inducement to employment, agreed to support the intestate's widow during the time of employment and the collection of any judgment, and did pay to said widow the sum of $100. That these pleas set up a good defense to this intervention proceeding is quite clear, and needs no discussion or citation of authority, other than sections 2986 and 6312 of the Code of 1907. The issues thereby presented were properly submitted for determination of the jury.

Charges given at the request of the defendant, indicated by the assignments of error 15, 16, 17, 18, 20, and 21, but followed these special pleas, and were correctly given.

[9] Nor was there error in the court's instructing the jury that the plaintiff could not recover in this case, as it was without dispute that they had settled all claim they had. The court in its oral charge had sufficiently explained to the jury that this settlement on the part of the plaintiffs did not preclude a recovery so far as the interest of the intervener was concerned. Other instructions in writing were given that also made this clear to the jury; and, considered in connection with those instructions, we do not think the jury was in the least misled by this charge. Justice Brown dissents, and thinks that this instruction constituted reversible error.

Plaintiff's intestate lost his life by being crushed between two concrete piers while excavating the earth between them. It is the theory of plaintiff that intestate was doing the work as directed by the defendant's superintendent, and that the soil foundation was insufficient for these piers, which weighed more than five tons each, and that the excavation removed the lateral support, and the foundation crumbled in the direction of the excavation, causing the one to topple over against the other. The defendant attempted to show that intestate, contrary to the orders of the superintendent, threw the dirt taken from between the two piers behind the one that toppled over, and that this was the cause of the accident.

[10, 11] Charge D, refused to the appellant, was substantially the same as charge B, treated in Ala. C. C. & I. Co. v. Heald, 171 Ala. 272, 55 South. 181. The majority of the court, consisting of ANDERSON, C. J., McCLELLAN, SAYRE, and SOMERVILLE,

JJ., are of the opinion that reversible error should not be predicated on its refusal, and have expressed their reasons in the following language:

The trial court refused to give at appellant's request charge lettered D. It reads:

"The court charges the jury that master and servant do not stand upon an equal footing, even when they have equal knowledge of the danger. The position of the servant is one of subordination and obedience to the master, and he has the right to rely upon the superior skill of the master, and is not entirely free to act upon his own suspicions of danger. If a servant, being ordered into a position, obeys, and is injured, he will not be held to be guilty of contributory negligence, unless the danger is so glaring that a reasonably prudent person would not have entered into it."

The majority of the court, as above stated, entertain the opinion, and so hold, that reversible error was not committed in the refusal of this request for instruction, possessing, as it does, the infirmity, if not others, of being argumentative. It is never reversible error to refuse requested instructions in which this infirmity appears. Bray & Landrum v. Ely, 105 Ala. 553, 557, 17 South. 180; Whaley v. Sloss Co., 164 Ala. 216, 227, 51 South. 419, 20 Ann. Cas. 822; L. & N. v. Lile, 154 Ala. 556, 564, 45 South. 699, among others. The language of this request (D) was taken from Pioneer Mining Co. v. Smith, 150 Ala. 359, 43 South. 561, where the question was on the effect of the evidence. The quotation in Pioneer Mining Co. v. Smith is credited to Bailey's work on Personal Injuries, § 899; but there was omitted in our quotation of Bailey's text the qualifications that the injured party should have been ordered 'to a place of danger, the important term "danger" being omitted, and the word "position" being substituted for "place." Bailey credits his text to Shortel v. City of St. Joseph, 104 Mo. 114, 120, 16 S. W. 397, 24 Am. St. Rep. 317; the expression being found in that part of the opinion discussing and justifying instructions declaring the rule of law to consider which the Missouri court was invited by instructions unaffected with an argumentative quality. The mere fact that the language employed in a request for instruction is taken from an opinion of this court is not a determining factor in reviewing the action of the trial court in either giving or refusing an instruction, for, as has been often remarked, "much is said, and properly said, in opinions of appellate courts which is not proper to be given in charges to juries." K. C. M. & B. v. Matthews, 142 Ala. 313, 39 South. 207.

In Little Cahaba Coal Co. v. Gilbert, 178 Ala. 515, 527, 528, 59 South. 445, a part of the language reproduced in Pioneer Mining Co. v. Smith, supra, was employed in a charge that was given by the trial court; this court declining to affirm error to reverse for the rea-

sons stated on page 528 of 178 Ala., on page 449 of 59 South., and declaring that the charge, as there given, "cannot be affirmed to be bad law." In Ala. C. C. & I. Co. v. Heald, 171 Ala. 263, 272, 273, 55 South. 181, the court was reviewing given charge B, an instruction that was very similar to, though not identical with, charge D now under review. With quite guarded intent, this court then said:

"The questions of law involved in this charge are we think correct, and in it we observe no tendency to mislead the jury."

It is to be noted that this court did not approve the charge as an instruction, affirming only that it had no misleading tendencies, and that the questions of law involved in it were correct. In no decision delivered here has this court held that the refusal of this instruction would constitute reversible error.

The argumentative quality of the charge consists in those features of it which undertake to state the reasons for the rule of law that forbids the imputation of contributory negligence to a servant who receives injury in obedience to the orders of his superior, unless the danger into which his obedience to such orders takes him is so glaring that a reasonably prudent person would not have entered it. Southern Rwy. v. Guyton, 122 Ala. 231, 241, 25 South. 34.

It may be, though not now important to determine, that in the state of the pleadings and evidence in this case the rule of law to which the charge has reference would have required, in order to make the charge otherwise good, the hypothesis that the position of danger into which the plaintiff was put to work was a place of danger, and also that, since knowledge of the servant that the position or place he is ordered to enter is a dangerous place is necessary to impute contributory negligence to him, if no reasonably prudent person would have entered it, this request, in order to perfect it, should have hypothesized such knowledge.

The writer and Justices THOMAS and BROWN entertained the view that the charge was correct as shown by the following authorities: Ala. C. C. & I. Co. v. Heald, supra; Id., 168 Ala. 626, 53 South. 162; Pioneer Mining Co. v. Smith, supra; Little Cahaba Coal Co. v. Gilbert, supra; that it was applicable to the situation here presented, was not covered by any other instruction, and should have been given, and so voted for reversal on account of the refusal; but the writer and Justice THOMAS have no disposition to further record their dissent and yield to the holding of the majority.

[12] Charge A (refused to plaintiff), relating to the question of contributory negligence, was incorrect in the use of the words "proximately caused," instead of "proximately contributed," and was well refused.

[13, 14] The witnesses for the respective parties testified to the character of soil and foundation which they saw at the point these piers were placed; and this court has reached the conclusion that no reversible error is shown in the action of the court below in sustaining objections to questions asked the witness Ramsey, who testified as to the particular foundation, what kind of foundation, he found 100 or 75 feet from the place. The witness was asked his opinion whether or not the foundation here in question was proper, but at that time had not sufficiently qualified himself to give an opinion thereon. We find no error here. Moreover it seems to have been established by another witness for plaintiff that, if in fact it was a sand foundation, it was insufficient for that purpose, which was not controverted.

There are several assignments of error growing out of the action of the court in sustaining several objections to questions propounded to one of defendant's counsel who testified in the cause. The one represented by the thirty-fourth assignment discloses no exception on the part of the plaintiff to the ruling of the court. Those presented by the other assignments are so clearly without merit as to call for no discussion.

We have here treated the questions that appear to be of importance in the cause. The court has reached the conclusion that no reversible error is shown, and the judgment appealed from will accordingly be affirmed.

Affirmed.

All the Justices concur, except BROWN, J., who dissents.