# Richards *v.* Sloss-Sheffield Steele & Iron Co.

*Action for Damages to Employe for Personal Injury.*

(Decided May 17, 1906. 41 So. Rep. 288.)

1. *Master and Servant; Injury to Servant; Proximate Cause.*—Where the evidence shows that the injury occurred while the plaintiff was attempting to get on the car, by slipping therefrom and having the car, which was moving when plaintiff attempted to get on, run against or over his leg, but there is no evidence of any defect in the car, or the tram track, and the mule drawing the car is unimpeached, no proximate cause for the injury is shown, other than the slipping of plaintiff's foot, and for which there can be no recovery.

2. *Same; Duty to Instruct.*—The master is under no duty to instruct an employe 19 years old, how to board the car to prevent slipping, because of mud on the car, the slippery nature of which plaintiff knew.

[Richards v. Sloss-Sheffield Steele & Iron Co.]

APPEAL from Franklin Circuit Court.

Heard before HON. E. B. ALMON.

Action by Joe Richards by next friend against the Sloss Sheffield Steel & Iron Co., for damages for an injury sustained while in their employment. The nature of the action and the tendencies of the evidence are sufficiently stated in the opinion of the court.

G. O. CHENAULT, for appellant.—The giving of the affirmative charge for defendant was error. The rule is well settled that when the evidence is conflicting, or when different inferences can be reasonably drawn therefrom, or where there is any evidence tending to establish the case of the other party, the general charge should never be given.—*Bromley v. Birmingham M. R. R. Co.,* 95 Ala. 404; *Payne v. Mathis,* 92 Ala. 585; *Taber v. Sheffield L. I. & C. Co.,* 87 Ala. 309 and authorities there cited. It is the duty of an employer to instruct an inexperienced employe.—91 Ala. 600.

WEATHERLY & STOKELY, for appellee.—Under the facts of this case, the affirmative charge was properly given for defendant.—*Sloss Iron & Steel Co. v. Knowles,* 129 Ala. 410; *Southern Ry. Co. v. Peters,* 135 Ala. 533. Pretermitting inquiries as to other errors, the trial court was under a duty to give the general affirmative charge for defendant under its special plea number 5, on which the plaintiff took issue, and which his own testimony established.—*Bienville W. S. Co. v. Mobile,* 125 Ala. 138; *Glass v. Meyer,* 124 Ala. 332; *Pritchett v. Pollock,* 82 Ala. 169, and authorities cited in all these cases.

SIMPSON, J.—This was an action by the appellant for damages on account of injuries received by complainant while in the employ of defendant. According to the plaintiff's testimony he was 19 years of age at the time of the accident, had been in the employment of defendant near the place of the accident for 30 days, but had been

put at the work of tramming cars on the day of the accident, about 9 a. m., and the accident occurred about 1 :30 p. m. His duties were to drive the mule, which was hitched to the car from the pit, after the ore had been placed in the car, up to the top of the grade or hill ("knuckle," they called it), and there to detach the mule, and the car was there run into the switch, where the dinkey (small engine) would take the car into the washer. He explained that he had noticed others at this work, and knew how they managed the cars, etc., but states in another part of his testimony that he had no experience in the tram car business. Plaintiff had started up the grade once, when the mule either "backed" or "stalled," or stopped because the load was too heavy, and the car rolled back into the pit. Plaintiff was riding on the car at the time, but the boss told him to get off and walk up the hill, which he did, and about the time the car reached the knuckle, or within thirty feet of the knuckle, plaintiff, for the purpose of loosening the singletree, so as to release the mule, tried to get on the bumper of the car, and as he did so his foot slipped from the bumper and went to the ground, where it became fastened between the guard rail and the outer rail of the track, and before he could extract it the car ran over his leg and caused the injury. No one else attempts to give an explanation of the accident, so that we must take this statement as the correct one that the car, with more than two tons of ore, ran over his leg, about five inches above the knee, and yet he still has his leg, and it is only a little stiff and somewhat shorter than the other. But whether it ran over his leg or against it, matters not. The car was in motion when he fell, being drawn by the mule, and continued in motion until the accident occurred.

The first, fifth, and sixth counts are under subdivision 1 of section 1749 of the code of 1896, alleging that the defendant had failed to remedy, etc.; the first specifying the car was defective, the fifth the tram track, and the sixth the mule. There is not a particle of testimony

[Richards v. Sloss-Sheffield Steele & Iron Co.]

tending to show any defect in either.  There were some questions seeking to show that the mule was "balky," but no affirmative answer.  It matters not whether the mule balked or stalled, or simply signified his preference to have the load lightened.  He simply allowed the car to roll back into the pit, and no damage was done there.  When the young man got off the mule drew the car up the hill, and his equanimity does not seem to have been disturbed when the young man tried to board the car again.  The character of the mule seems to be unimpeached, and the fact that it refused to pull before certainly could not furnish any reason for charging it with the responsibility of this accident, because it continued to pull, in accordance with orders, when the young man, without its knowledge or consent, attempted to get on the bumper and let his foot slip.  So there could be no recovery on these counts.

The other counts are under subdivision 2 of said section, naming Holbrook as the party who was negligent in putting the defendant, young and inexperienced as he was, to work in a dangerous business without instructing him in regard to the dangers.  The mere fact of minority of a young man 19 years of age does "not impose upon the master any other or greater degree of care in respect to the minor than would be upon him had the servant attained full age."—*Ala. Min. R. R. Co. v. Marcus,* 115 Ala. 389, 395, 22 South. 135, 137.  The general doctrine is that, when a person of apparently sufficient age, ability, etc., seeks employment, the presumption is that he is competent to perform the duties, "to apprehend and avoid all dangers that may be discovered by the exercise of ordinary care and prudence, and there is no reason or rule "that will compel the master to pass him through a critical examination to discover his competency."—2 Bailey on Personal Injuries Relating to Master and Servant, p. 955, §§ 28-30 et seq.; Id., p. 958, § 2838 et seq. If there are dangers which are not obvious, or if the servant is put to work upon a machine with which he is not

familiar, and which is so complicated and dangerous as to suggest that he is not probably aware of the danger, the duty would rest on the master to instruct him; but we do not find anything in the authorities which would authorize the court to hold the master guilty of negligence for failing to instruct a young man, 19 years of age, and who shows the knowledge which this young man does, as to how to board a car which is being drawn by a mule. There is no reason suggested why his foot slipped, but only the fact that it did slip. If his foot slipped by reason of the fact that the "grey horse" was over it, which made it slippery, the evidence shows that the plaintiff's previous occupation was picking "grey horse," so he knows all about the slippery nature of that mud.—*Ala. Steel & Wire Co. v. Wrenn,* 136 Ala. 477, 34 South. 970 (8th h. n.) 439; *Worthington v. Goforth,* 124 Ala. 660, 26 South. 531; *Robinson Mining Co. v. Tolbert,* 132 Ala. 463, 466, 31 South. 519.

This court has held that the general charge was authorized in a case wherein the plaintiff swore that he did look and listen, but the facts were clear that he must have been mistaken.—*Peters v. Son. Ry. Co.,* 135 Ala. 533, 537, 541, 33 South. 332. Also in a case where plaintiff was held to have assumed the risks "notwithstanding the plaintiff's statement of his ignorance of the danger."—*Sloss Iron & Steel Co. v. Knowles,* 129 Ala. 410, 416, 30 South. 584, 585.

It is unnecessary to discuss the points raised on pleading. The general charge was properly given in favor of the defendant.

The judgment of the court is affirmed.

Tyson, Anderson, and Denson, JJ., concur.