# Horan *v.* Gray & Dudley Hdw. Co.

*Damages for Injury to Employe.*

(Decided Feb. 4, 1909. Rehearing denied April 6, 1909.
48 South. 1029.)

1. *Master and Servant; Injuries to Servant; Complaint.*—Where the injury is alleged to have resulted from a fall into an unguarded hole in a basement, a complaint which fails to aver any duty on the employer to warn the employe of the danger which resulted in the injury is insufficient.

2. *Same; Construction.*—Pleading being construed most strongly against the pleader, it will be presumed that knowledbe on the part of the employe of the danger existed where the complaint fails to alleges any duty of the employer to warn against the danger or a want of knowledge by the employe of the danger.

3. *Same; Danger to Employe; Duty to Warn.*—An employer is not bound to warn his employe against a known danger or one which could be known by the use of ordinary care.

4. *Appeal and Error; Review; Matter Not in Record.*—Where the demurrers to the pleas are not shown by the record, the overruling of such demurrers cannot be reviewed.

5. *Same; Harmless Error; Demurrer to Plea.*—It is harmless error to overrule a demurrer to a plea where the defendant was entitled to a verdict on another plea.

6. *Judgment; Right to; Establishment One Plea.*—A defendant is entitled to a judgment where the evidence establishes one of his several pleas just as much as if all were established.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by William Horan against the Gray & Dudley Hardware Company for damages for injuries suffered in the course of his employment. Judgment for defendant, and plaintiff appeals. Affirmed.

Count 1 was in the following language: "Plaintiff claims of defendant $10,000 as damages, for that on, to wit, the 4th day of January, 1905, plaintiff was the servant or employe of the defendant, and engaged in the discharge of his duties as such servant or employe, which duty was to go into the basement of a certain school building in Woodlawn, Ala., to take measurements for cold air pipes to a furnace which was being placed in said school building by defendant through its servants or employes. Plaintiff avers that in fitting said furnace in said school building, or preparing for its use or operation, defendant's said servants or employes, acting within the scope of their authority, dug or excavated a ditch or hole in the cellar or basement of said school building near or adjoining said furnace which ditch or hole was uncovered and without guard or signal showing its existence, and without anything to warn of its danger, and which said ditch or hole was dangerous to any one working in said basement or cellar near said furnace and without knowledge of the existence of said ditch or hole. Plaintiff avers, further, that defendant's foreman, Ollie Chaddock, who had superintendence intrusted to him and was then in the exercise of his said superintendence, negligently failed to warn plaintiff of the existence of said ditch or hole, and, as a proximate consequence of his negligent failure to warn plaintiff of the existence of said ditch or hole, plaintiff fell or stepped into said hole, and injured, strained, or broke his right leg or ankle, from which injury plaintiff suffered great physical and mental pain, and was caused to expend money and lose time in curing himself from his said injuries and hence this suit."

[Horan v. Gray & Dudley Hdw. Co.]

The fourth count is as follows: "Plaintiff claims of the defendant corporation ten thousand dollars ($10,-000.00) as damages, for that on, to wit, the 4th day of January, 1905, plaintiff was employed and in the service of defendant, and in the discharge of his duty as defendant's agent or servant; that defendant was, through its agents or servants, engaged in putting in or installing a furnace or heating apparatus in a school building in Woodlawn, Jefferson county, Ala., and one Ollie Chaddock was the foreman of defendant, and he was delegated with authority from defendant to direct servants or employes of defendant engaged in that particular work. And plaintiff avers that the said Ollie Chaddock instructed the plaintiff to take certain measurements from a furnace in the basement of said school building, when there was but little light to enable plaintiff to see; and the said Ollie Chaddock negligently failed to tell, warn, or inform plaintiff that there was a hole or ditch near said furnace which was dangerous. And plaintiff avers that, as a proximate consequence of such negligent failure of the said Ollie Chaddock to warn plaintiff of the danger to him by reason of said hole or ditch, plaintiff walked or fell into said ditch or hole, and strained, fractured, or injured his leg, ankle, or foot, and suffered great mental annd physical pain therefrom, and was rendered less able to work and earn money, to his great damage; and hence this suit."

Demurrers were interposed to count 1 as follows: "It is not alleged in said count that plaintiff could not, by the exercise of due care, have seen said ditch or hole. No state of facts is averred, making it incumbent upon plaintiff to warn defendant of the existence of said ditch or hole. It is not averred that he could not have seen said ditch or hole by the exercise of due care. It is not averred that plaintiff did not know of the exist-

159—11

ence of said ditch or hole at the time he fell into it. It is not alleged that said ditch or hole was so dangerous that it was the duty of the defendant to warn plaintiff of the exictence of said ditch or hole."

The same demurrers were interposed to count 4, with this additional one: It does not appear that said Ollie Chaddock knew that there was but little light in said basement.

Plea 7 was as follows· "Defendant says that plaintiff proximately contributed to the njuries complained of in this: Plaintiff knew that it was usual and customary, in installing furnaces and heating plants in buildings, in many instances to dig a ditch or make an excavation for cold-air pipes, or other pipes connecting with said furnace; and hence plaintiff knew, or ought to have known, by reason of that fact, that there was or might be a ditch or excavation in said basement, and without making inquiry as to the existence of such ditch or excavation, and without light, negligently went into said basement."

Robert N. Bell, for appellant. The court erred in sustaining demurrers to the complaint.—Sec. 1749, sub's. 2 and 4, Code 1896. For the law of the case see the following authorities.—*Ala. S. & W. Co. v. Clements,* 40 South. 971; *Ry. Co. v. Thompson,* 77 Ala. 457; *Campbell v. Lunsford,* 83 Ala. 512; *Sloss Co. v. Noles,* 129 Ala. 410. The burden is on the defendant to show contributory negligence.—*O'Brien v. Tatum,* 84 Ala. 186. This the defendant failed to do.—*Wilson v. R. R. Co.,* 85 Ala. 269; *R. R. Co. v. Hall,* 87 Ala. 708; *Kansas City v. Thornhill,* 37 South. 412 ;*Shea v. Manning,* 37 South. 682; 12 L. R. A. 843. The affirmative charge was improperly given.—*Powers v. Southern Ry. Co.,* 135 Ala. 537; *White v. Farris,* 124 Ala. 470. The process of draw-

ing inferences is always for the jury.—*Hollingsworth
v. Martin,* 23 Ala. 591; *Easterling v. The State,* 30 Ala.
46.

CABANISS & BOWIE, for appellee. Counsel discuss the
rulings of the court on pleadings, but without citation
of authority. They insist that under the evidence the
defendant was under no obligation to warn plaintiff of
the existence of the hole or ditch, and in any event was
not negligence in failing to warn him.—Lebatt Master
& Servant, Secs. 239 and 241. Plaintiff's inattention
and heedlessness brought the injury upon himself.—
Lebatt Master & Servant, Sec. 281. On the proposition
that the defendant is guilty of no negligense in failing
to warn plaintiff, counsel cite, *L. & N. v. Bouldin,* 121
Ala. 198; *N. Bir. St. Ry. Co. v. Wright,* 130 Ala. 419;
*Sloss S. & I. Co. v. Knowles,* 129 Ala. 410. The servant
is chargeable with the knowledge if under all the cir-
cumstances he should have known of the danger, or if
he could have known it by the exercise of reasonable
care and dilligense.—Lebatt, Master & Servant, pp. 831
and 1112-13, and authorities there cited.

DOWDELL, J.—The first and fourth counts of the
complaint, to which demurrers were sustained, were
each defective and subject to the demurrer. In neither
of said counts is it alleged that any duty existed on the
part of the master to warn the servant of the danger
from which the injury resulted, nor is any state of facts
averred from which such duty would arise. For aught
that appears from the averments of these two counts, the
servant himself knew of the existence of the danger, and,
according to the familiar rule of construing the pleading
more strongly against the pleader, it will be presumed,
on demurrer raising the question, from a failure to aver

want of knowledge, that such knowledge existed. If the plaintiff had knowledge of the danger, or by the exercise of ordinary care could have known of it, then the defendant was under no legal duty to warn him. The demurrer sufficiently raised the question, and the ruling of the court thereon was free from error.

The judgment entry recites that demurrers to pleas 7 and 8 were overruled, but the demurrers to these pleas are nowhere set out in the record. We cannot tell what the demurrers were, and for aught we know they were general, and for this reason were overruled. In this state of the record, the action of the court on the demurrers cannot be reviewed on appeal. This has been repeatedly held by this court.

Where there are several pleas upon which issue is joined, the establishment of any one of them entitles the defendant to a verdict, as much so as the proving of all of them. The seventh plea of the defendant in the case before us, upon which issue was joined, was proven without conflict in the evidence. This authorized the giving of the general affirmative charge, as requested in writing by the defendant. Under this state of the case, whether error was committed or not in the ruling of the court on the demurrer to the fourth plea is of no consequence, since, if error was committed, it was error without injury.

It is unnecessary to consider other questions discussed by counsel, as what we have ruled is conclusive of the case. The judgment is affirmed.

Affirmed.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.