# Jones *v.* Tennessee C. I. & R. R. Co.

## *Injury to Servant.*

### (Decided Nov. 18, 1909.—50 South. 1017.)

1. *Master and Servant; Injury to Servant; Defects in Ways, Works; Complaint.*—In an action by a servant for injuries under subdivision 1, section 3910, Code 1907, received from the falling of an insecurely supported furnace door, a count alleging the cause of the injury to be a defect in the condition of the ways, works, etc., of the defendant, is not subject to demurrer on the grounds that it fails to show a defect in the ways, works, etc.

2. *Same; Failure to Warn; Complaint.*—A count in a complaint for injuries to a servant from the falling of an insecurely fastened furnace door, which alleges that plaintiff's superior knew or by the exercise of reasonable diligence would have known that such danger existed, and that plaintiff was ignorant of the danger, is not demurrable for failing to show that plaintiff's superior who is charged with negligence in failing to warn plaintiff of the danger that said door would fall, had knowledge that plaintiff was ignorant of said danger, or would have had such knowledge by the use of ordinary care.

3. *Same; Assumption of Risk.*—Where a servant has no knowledge of the defective condition of the fastenings of a furnace door, he does not assume the risk of danger from an insecurely fastened furnace door about which he has to work.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Tobe Jones, an employe, against the Tennessee Coal, Iron & Railway Company, for injuries caused by an insecurely fastened furnace door falling on him. From a judgment sustaining demurrers to the complaint plaintiff appeals. Reversed and remanded.

FRANK DEEDMEYER, and JAMES A. MITCHELL, for appellant.—The court erred in sustaining demurrer to the 1st count.—*West Pratt C. Co. v. Andrews,* 150 Ala. 368; *Sloss S. S. & I. Co. v. Hutchinson,* 144 Ala. 221; *Jackson L. Co. v. Cunningham,* 141 Ala. 206; *A. G. S. v. Davis,* 119 Ala. 572. The court erred in sustaining demurrer to the 3rd count of the complaint

PERCY, BENNERS & BURR, for addellee.—The court did not err in sustaining demurrers to the complaint.—*Bir-O. & M. Co. v. Groover*, 48 South. *L. & N. v. Jones*, 130 Ala. 456; *Southren Ry. Co. v. Shook*, 43 South. 579; *Woodward I. Co. v. Johnson*, 43 South. 186. An abnormal condition temporarily created cannot constitute a defect in the condition of the ways, works, etc.—*Southern v. Shook, supra; L. & N. v. Bouldin*, 110 Ala. 185; *K. C. M. & B. v. Burton*, 97 Ala. 240; *O'Connor v. Neal*, 153 Mass. 281. The negligent use by an employe, either by himself or a fellow servant of the ways, works, etc., themselves in proper condition, does not constitute a defect.—*Woodward I. Co. Co. v. Johnson, supra; R. & D. R. R Co. v. Bivins*, 103 Ala. 142.

McCLELLAN, J.—The errors assigned and argued complain against the action of the court below in sustaining demurrers to counts 1 and 3. The averments common to the counts are: That at the time of the injury the relation of master and servant existed between plaintiff (appellant) and defendant; that plaintiff was engaged in the performance of his duty to the master when injury befell him; that the master was operating a manufacturing plant, namely, steel works; that plaintiff was at work "in front of or near to one of the furnaces" in the plant, and "a large door to said furnace which was insecurely placed or supported, fell on or against the plaintiff" inflicting the injury. Count 1 ascribes the injury for proximate cause to a "defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the defendant, which said defect was in this: That the said door was insecurely placed or supported. * * * *" The demurrer's sole ground is "that the facts set forth in said

count show no defect in the ways, works, machinery, or plant connected with or used in the business of the defendant.

The count, as readily appears, predicated the culpability of the defendant upon a defect "in the condition of" the ways, works, etc., and did not, as the sole ground of the demurrer assumes undertake to impute negligence to the master in respect of a defect "in" the ways, works, etc. The demurrer was, hence, inapt. If there may be, under the statute, a line of demarcation between a defect "in" the ways, etc., and a defect "in the condition of" the ways, etc., an inquiry not raised nor necessary to be considered, there is unquestionably a distinction between the two. The employment of the word "condition" widens the statute beyond what would have been its scope had only the word "defect" been used. If, as the demurrer assumes, one claiming under the subdivision must show a defect "in" the ways, etc., the effect would be to contract the right therein declared, and this by denying the word "condition" its proper influence in defining the status that will, under subdivision 1 of the statute (Code 1907, § 3910) afford, in essential factor, a cause of action against the master. The distinction appears from an illustration stated in one of the decisions cited below, viz., that "way" is rendered defective in condition by the presence thereon of ice formed by natural climatic causes. The "way" is complete in itself, but its condition for the use intended is defective.—*McGriffin v. Palmer's Shipbuilding & Iron Co.*, 10 L. R. (Q. B.) 5 ; *Heske v. Samuelson*, 12 L. R. (Q. B.) 30; Dresser's Employer's Liability, § 35; *Tate v. Latham*, (1897) 1 Q. B. 502, 506; *Wiley v. Boston El Co.*, 168 Mass. 40, 42, 46 N. E. 395, 37 L. R. A. 723. The two English decisions first cited were followed in the decision here of *K. C. M. & B.*

*R. R. Co. v. Burton,* 97 Ala. 240, 246, 12 South. 88. While in *Burton's Case* the court undertook to defind "defect in the condition," it did not, as readily appears, have before it the question now present and before stated.

The demurrer to count 1 was improperly sustained, for the reason indicated.

The gravamen of the third count is the breach of duty to warn the plaintiff of a danger of which he did not know. The count undertakes to state a cause of action under the third subdivision of the liability act (Code 1907, § 3910). As indicated, the count does not complain against the order, to which he was bound and did conform, but against the omission to warn plaintiff of a condition to be encountered by him in conforming to the order. The sole ground of demurrer is: "That the said count does not show that the person who is charged with negligence in failing to warn plaintiff of the danger that said door would fall had knowledge that plaintiff was ignorant of said danger, or should have had such knowledge by the use of ordinary care." The count obviously describes an abnormal condition, a condition not comprehended in the risks, assumed by the servant, incidental to the employment in which he was, when injured, engaged. The substance of the descriptive averment is that a door of a furnace was so insecurely placed or supported as to render it dangerous for servants to perform their duty within its zone. No other construction of the count is possible, save that the master's plant, works, etc., was not as it should have been in the particular question. Whether the existence of that condition was the result of negligence of the master is not a factor in dealing with the demurrer to the third count. The count also avers that the person giving the order knew, or by the exercise of reasonable diligence would have known, that such danger existed, and that plaintiff

was ignorant of the risk. The demurrer objects that the further averment should have been that the order giver knew plaintiff was so ignorant, or by the exercise of due care could have ascertained that fact,

Where the risks are normal or ordinary in the service in which the servant engages, there is no obligation, prima facie, on the master to warn or instruct. The rule rests upon the master's prima facie right to act on the presumption that the person whom he is about to engage understands the risks of that service, unless the master has notice of the person's inexperience, or that he is below average intelligence.—1 Labatt, § 239, and notes. Nor is the master obligated to warn or instruct the servant in respect of risks of which the servant has actual knowledge.—1 Labatt, § 237, and notes. The count under consideration avoids, by averments, both of these exemptions of the master from the prima facie obligation. It is, to repeat, averred that the risk was the product of an abnormal condition and that the plaintiff did not know of the risk. Under this state of hazard, so created, the obligation, prima facie, is on the master to warn the servant. Under such circumstances, the presumption is that the servant is ignorant of the risk. —1 Labatt, § 240, and authorities cited in notes; Dresser, § 94. To justify the sustaining of this demurrer, it must be held that the stated presumption, arising out of the source, character, and nature of the risk, should be averred. In other words, it is necessary to affirm that not only must the condition raising prima facie the presumption of the servant's ignorance be shown in the count, but also that the pleader shall in effect reiterate that which the law attaches in this particular to the condition—the facts—the pleading describes. We do not understand that to be the rule. The condition described carried the obligation, prima facie, on the mas-

ter to warn the endangered servant. It was a duty cre-
ated by the abnormal hazard. The servant averred the
basis for that duty when his count disclosed an abnor-
mal risk and of which he did not know. It then became
the duty of the master to inform the servant of the risk.
The master must have, then, become the actor to avoid
the consequences of his presumed knowledge that the
servant was ignorant of the abnormal risk. The demur-
rer was not well taken, for the reason, before indicated,
that the count described an abnormal risk, of which the
plaintiff did not know, and to which state of averred
fact the master's duty, prima facie, was to warn the ig-
norant servant. If more were required of the pleader,
it would be surplusage, a mere reiteration of that which,
from the facts averred, the law, prima facie, implied.
In order to sustain his cause of action, the plaintiff
must, of course, support his averments—averments of
fact for which the obligation, prima facie, to warn arose
—in the proof. If the master, or his representative, was
ignorant of the plaintiff's presumed ignorance, that is,
of course, within the issue of fact upon the averments of
the count, and necessarily within a general traverse
thereof.

Counsel for appellee cite 1 Labatt, § 235, wherein that
learned author lays down the three propositions upon
which depend, concurrently, the right of a servant to
maintain his action for the omission to warn or instruct.
Our views, as appears, are in accord with the doctrine of
the cited section.—*Ala. Consol. Coal & Iron Co. v. Ham-
mond,* 156 Ala. 253, 47 South. 248, does not deal with
the point taken by the demurrer. The decision there, in
the particular urged for appellee, pertained to the in-
quiry whether there was any duty on Varnon to inspect
the place of plaintiff's injury, and, in consequence,
whether Varnon breached that duty as charged in the

count. The court held that the count did not so con-
clude. As before stated, that is not the point of the de-
murrer here. In *Horan v. Gray & Dudley Hardware
Co.*, 159 Ala. 159, 48 South. 1029, the court responded
to the contention of appellant by the criticism that the
complaint did not negative the plaintiff's knowledge of
the danger against which he asserted duty required him
to have been warned. *Horan's Case* does not relate to
the point of this demurrer. *Richards v. Sloss Co.*, 146
Ala. 254, 41 South. 288, had to do, in decision, with an
obvious or actually known condition of danger. It has
no bearing here. *Bear Creek Mill Co. v. Parker*, 134
Ala. 293, 32 South. 700, is likewise without application
on the inquiry here.

The opinion is entertained that the demurrer to the
third count should not have been sustained.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., con-
cur.