# Republic Iron & Steel Co. *v.* Brown.

## *Employee's Personal Injury Action.*

(Decided April 4, 1912.  Rehearing denied May 4, 1912.
58 South. 761.)

1. *Master and Servant; Injury to Servant; Complaint.*—Where the action was by an employe for injuries received while repairing coal cars, a complaint which alleges that the injuries were received as a proximate consequence of the negligence of an employe who had superintendence entrusted to him, and that a co-employe negligently failed to warn him of his impending danger from the striking of an iron rod near which plaintiff was working, does not, when construed most strongly against the pleader allege that plaintiff did not know of the impending danger, and was hence, demurrable; and the demurrer interposed sufficiently raises the question of such defect in such complaint.

2. *Same.*—In such an action, a complaint alleging that the injuries were the proximate consequence of the negligence of a co-employe who had superintendence entrusted to him, and that such negligence consisted in his ordering a third person to strike a rod near which the employe was in the discharge of his duty, thereby causing the rod to strike the plaintiff, causing the injury, sufficiently charges actionable negligence as against the demurrer interposed.

3. *Same; Duty to Warn.*—An employer is under no duty to warn an employe or instruct him as to the means of avoiding a danger which is known or so obvious as to become known by the exercise of ordinary care.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Barney Brown against the Republic Iron & Steel Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The amended count 2 is as follows: "Plaintiff claims of defendant $5,000 as damages, for this: That heretofore, to wit, on the 27th day of October, 1908, the defendant was engaged in and about the following business in Jefferson county, Alabama, to wit: The operation of a furnace. And plaintiff was in the service or employment of defendant in the following capacity, to wit: As a carpenter. And while in such service or employment, engaged in the discharge of his duties as such employee, the plaintiff received the wounds and injuries set out in the first count of this complaint. And the plaintiff avers that his said wounds or injuries were the proximate consequence and caused by reason of the negligence of a certain person who was in the service or employment of the defendant, viz., Mr. Wilson, who had superintendence intrusted to him, while in the exercise of such superintendence. Said superintendent negligently failed to warn plaintiff of his impending danger from the striking of a steel or iron rod near which plaintiff was engaged in the discharge of his duties." The demurrer to this count is as follows: "It does not appear how or in what respect the said Wilson was negligent. It does not appear that any negligence is set forth on the part of the said superintendent. It does not appear how or in what way the defendant was negligent towards the plaintiff. It does not appear that defendant was responsible for the said negligence. It does not set forth or attempt to set forth that defendant in any way violated any duty it owed to plaintiff." The third count is like the first, down to and in-

[Republic Iron & Steel Co. v. Brown.]

cluding the words "count of this complaint," where
they appear together therein, and adds the following:
"And plaintiff avers that his said wounds and injuries
were the proximate consequence and caused by reason of
the negligence of a certain person, viz., Mr. Wilson,
who was in the service or employment of the defendant,
and who had superintendence intrusted to him, while
in the exercise of such superintendence, and such negli-
gence consisted in this, viz., in negligently ordering, as
such superintendent, a certain person, to wit, J. J. Sim-
mons, to strike or hit a certain rod near which plaintiff
was in the discharge of his duties, thereby causing said
rod to strike plaintiff, inflicting upon him the wounds
and injuries complained of in the first count of the
complaint."

PERCY, BENNERS & BURR, for appellant. The 2nd and
3rd counts are each sought to be framed under the 3rd
section of the Employer's Liability Act, and as they are
framed, undertake to specify facts constituting the neg-
ligence of the superintendent, and both failed to suffi-
ciently do so, and hence, were subject to the demurrers
interposed.—*Bir. O. & M. Co. v. Groover,* 48 South.
684; *Horan v. G. & D. Hdw. Co.,* 48 South. 1029; *Deca-
tur C. W. M. Co. v. Mehaffey,* 128 Ala. 242; 26 Cyc.
1393; 1 Lebatt 523.

GASTON & PETTUS, for appellee. The complaint was
sufficient and the court properly overruled the demur-
rers thereto.—*Penn. C. Co. v. Bowen,* 159 Ala. 168; *M.
& O. v. George,* 94 Ala. 202; *Reiter-Connoly M. Co. v.
Hamlin,* 144 Ala. 192; *Rep. I. & S. Co. v. Williams,* 168
Ala. 612; *L. & N. v. Marbury,* 125 Ala. 237; *Pos. T. Co.
v. Jones,* 133 Ala. 226.

PELHAM, J.—This is an action brought by the appellee against the appellant to recover damages for an injury received by the plaintiff while employed as a carpenter and engaged in the performance of his duties in repairing coal cars for the defendant.

The first assignment of error goes to the action of the court in overruling the demurrers to the second count of the complaint as amended. This amended count alleges that the injuries were received as a proximate consequence of the negligence of one Wilson, who was in defendant's employ, and who had superintendence intrusted to him, in negligently failing to warn plaintiff of his impending danger "from the striking of an iron or steel rod near which plaintiff was engaged in the discharge of his duties." It is not alleged that any duty rested on the master to warn the servant of the danger from which the injury resulted, nor is a state of facts averred from which such duty would arise; and, for aught that appears from the averments of this count of the complaint, the servant himself knew of the impending danger, and, construing the pleadings most strongly against the pleader on demurrer, it may be presumed such knowledge existed. If the plaintiff had knowledge of the danger, or by the exercise of ordinary care could have known of it, then the defendant was under no legal duty to warn the plaintiff of such danger. The defendant's demurrers sufficiently raised the question, and should have been sustained.—*Horan v. Gray & Dudley Hdw. Co,.* 159 Ala. 159, 48 South. 1029; *T. C., I. & R. R. Co. v. Williamson,* 164 Ala. 54, 51 South. 144.

No duty rests on the master to warn the servant or instruct him as to the means of avoiding a danger which is known or obvious.—*L. & N. R. R. Co. v. Banks,* 104 Ala. 508, 16 South. 547; *Holland v. T. C., I.*

*& R. R. Co.,* 91 Ala. 444, 8 South. 524, 12 L. R. A. 232;
*L. & N. R. R. Co. v. Boland,* 96 Ala. 632, 11 South. 667,
8 L. R. A. 260; *Richards v. S.-S. Steel & Iron Co.,* 146
Ala. 254, 41 South. 288.

The third count of the complaint contains no aver-
ment relying on the duty of the employer to warn the
servant of the danger as a basis of recovery, and the
general averments of negligence therein contained are
sufficient, "under the very liberal (if not lax) rules laid
down by this court by which mere general averments,
without stating the quo modo or the acts constituting
the negligence, are held sufficient."—*Penn. Coal Co. v.
Bowen,* 159 Ala. 165, 169, 49 South. 305. See, also, *M.
& O. R. R. Co. v. George,* 94 Ala. 199, 10 South. 145;
*Reiter-Connolly Mfg. Co. v. Hamlin,* 144 Ala. 192, 40
South. 280; *Republic Iron & Steel Co. v. Williams,* 168
Ala. 612, 53 South. 76. This count was not subject to
the demurrers interposed; and the action of the court
in overruling the demurrers to this count is free from
error.

For the error of the court in overruling the demur-
rers to the second count of the complaint, the case must
be reversed. A further discussion of the errors as-
signed is unnecessary.

Reversed and remanded.