# Little Cahaba Coal Co. *v.* Gilbert.

*Damages for Injury to Servant.*

(Decided June 29, 1912.   59 South. 445.)

1. *Master and Servant; Injury to Servant; Complaint.*—A count for injuries to a miner by a fall of a portion of a roof, under subdivision 1, section 3910, is not demurrable as seeking to fix negligence per se on defendant from the mere existence of the defect, where it alleges that defendant was operating a coal mine, and while plaintiff was in the mine engaged in and about his business in his service to defendant, a part of the roof or top of the mine fell on or against him, causing the injuries complained of, and that he suffered such injuries by reason, and as proximate consequence of a defect in the ways. works, etc., which defect arose from or had not been discovered or remedied owing to the negligence of defendant, or some person in defendant's service entrusted by it with the duty of seeing that the ways, works, etc., were in proper condition, to-wit, that such part of the roof which fell on or against him was defective.

2. *Same; Pleading.*—Where a complaint alleged that at the time of the injury plaintiff was in defendant's employ and was in a mine engaged in defendant's business in such employment, it sufficiently

[Little Cahaba Coal Co. v. Gilbert.]

charges that plaintiff was engaged in the duties of his employment at the time of the injury.

3. *Same; Defective Roof; Breach of Duty.*—Where the averments of a complaint for injuries to a servant by a defect in the roof of a mine was sufficient to state a cause of action, under section 3910, subdivision 1, Code 1907, it was not necessary to add an allegation that it was defendant's duty to prevent the defect which was averred to have arisen from the master's negligence, since the master's duty to protect a servant, while engaged in his employment, from injury by reason of a defect in the ways, etc., arising from negligence with which the master is chargeable, is a duty growing out of the relation of master and servant.

4. *Same.*—A count under subdivision 2, section 3910, Code 1907, which alleged that a part of the roof of defendant's mine fell on plaintiff while he was at work therein, as defendant's servant, and that he suffered injuries by reason of the negligence of a person in defendant's employ who had superintendence entrusted to him while in the exercise of such superintendence, in that such person negligently caused or allowed such part of the roof to fall on or against plaintiff at that time, is not demurrable for a failure to allege a duty on the part of defendant or its superintendent to secure the roof, or a breach of that duty, or knowledge of the superintendent of the probable danger of the roof's falling, or that that fact could have been ascertained by the exercise of due care; it is only necessary for plaintiff to allege the negligence of defendant as he did, and to show that defendant knew, or was in a position to know of the defect by the exercise of reasonable care.

5. *Same; Assumed Risk; Evidence; Jury Question.*—The evidence examined and held to require a submission to the jury of the issues of contributory negligence and assumed risk for injuries to the miner by the fall of a part of the roof of the mine while he was putting up props and cross collars.

6. *Pleading; Description; Certainty.*—Under the rules permitting the averment of conclusion when accompanied by the averment of facts wherefrom issues can be understood, joined and tried, a count averring that a plaintiff's injuries were caused by a part of defendant's mine roof falling on him, that such fall was the proximate consequence of defect in the ways, etc., of defendant's mine, arising from its negligence, and that such defect was in the part of the roof which fell on plaintiff, etc., was not demurrable as not sufficiently describing the defect.

7. *Charge of Court; Misleading Instructions.*—Where the court had given instructions that a plaintiff could not recover if he was guilty of contributory negligence, the giving of an instruction that if the jury was reasonably satisfied from the evidence that either the 1st or 3rd count of the complaint was true, plaintiff's case was made out, was not error as tending to mislead the jury to believe that in that case, plaintiff was entitled to recover without reference to the question of contributory negligence.

8. *Same.*—A charge asserting that a plaintiff is presumed to know the result of natural laws and dangers, and that unsupported rock was liable to fall, was properly refused because tending to mislead the jury to believe that as a matter of law plaintiff was presumed

[Little Cahaba Coal Co. v. Gilbert.]

to know that the rock which fell on him was liable to fall, whereas, under the evidence, it was a question for the jury.

9. *Same; Covered by Those Given.*—The court will not be put in error for refusing instructions substantially covered by requested instructions given.

10. *Same; Ignoring Issues.*—A charge asserting that if the jury believe from the evidence that plaintiff had escaped from danger, and then voluntarily went back near where a rock had fallen, without a light and without taking any precautions or making any inspection to see whether he was going into danger, he voluntarily assumed the risk and could not recover, ignored the question of negligence. vel non of plaintiff's conduct hypothesized in the charge, and also singled out and gave undue prominence to that part of the evidence, and was hence, properly refused.

11. *Same; Error Cured by Instructions.*—Where the court charged that though a mine foreman may have told the miner to place collars ten feet apart and plaintiff relied on such assurance, yet if plaintiff thereafter was warned by falling rock or otherwise, that the roof was dangerous at the place where he was injured, and he remained there or dangerously near an obviously dangerous place for an unreasonable length of time after such warning, then the jury could not find for plaintiff, a further charge that a master and servant did not stand on an equal footing, even when they had equal knowledge of the danger, but that, the position of the servant being one of subordination to master, the servant was entitled to rely on the master's superior knowledge and skill, and was not entirely free to act on his own suspicion of danger, was not error.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by George F. Gilbert against the Little Cahaba Coal Company for damages for personal injuries sustained while in their employment. Judgment for plaintiff, and defendant appealed. Affirmed.

The facts and pleadings sufficiently appear from the opinion, as do the charges given for the plaintiff. The following charges were refused the defendant: C. "If the jury believe from the evidence that the plaintiff had escaped from danger, and then went back voluntarily near where the rock had fallen, without a light and without taking any precautions and making any inspection to see whether or not he was going into danger, then the law says that the plaintiff has assumed the risk he thereby incurred, and, if he is consequently injur-

[Little Cahaba Coal Co. v. Gilbert.]

ed thereby, the plaintiff cannot recover under any count of the complaint." E. "The court charges the jury that the plaintiff is presumed to know of the result of natural laws and dangers, and that unsupported rocks are liable to fall."

WEATHERLY & STOKELEY, and JAMES L. DAVIDSON, for appellant. The court erred in overruling demurrers to count 1 as amended.—*Merriweather v. Sayre M. Co.*, 49 South. 916; *Horan v. Gray & Dudley Hdw. Co.*, 48 South. 1029. Under the last cited case count 3 was defective for failure to show a duty of defendant or its superintendent to secure the roof from falling on plaintiff, and a breach of such duty. The court erred in giving charge 1 requested by plaintiff, as it ignores the defense of contributory negligence.—*Frierson v. Frazer*, 142 Ala. 232; *Ala. S. & W. Co. v. Thompson*, 52 South. 75. Its vice is not cured by the subsequent charge for defendant submitting the question of contributory negligence to the jury.—*Frierson v. Frazer, supra*. The court erred in its charge as to the relative relation of skill and subordination between the master and servant, and it was primarily the duty of plaintiff in this case to use reasonable care to keep his own working place safe.—Sec. 1021, Code 1907; *Pioneer M. & M. Co. v. Thomas*, 133 Ala. 281; *Sloss-S. S. & I. Co. v. Knowles*, 129 Ala. 415. The court was in error in refusing the general charge as to counts 1 and 3 requested by defendant.—*Ala. C. C. & I. Co. v. Hammond*, 47 South. 248; *T. C. I. & R. R. Co. v. Burgess*, 47 South. 1029; *Pioneer M. & M. Co. v. Thomas, supra; Alteriac v. West Pratt C. Co.*, 49 South. 867; *Campbell v. Lundsford*, 83 Ala. 512. Under the above authorities, and those following, it is insisted that the court erred in refusing charges C, E, and F, requested by defendant.—*B. R. L.*

[Little Cahaba Coal Co. v. Gilbert.]

& P. Co. v. Owen, 135·Ala. 154; *Teague v. Bass,* 131 Ala. 422. Counsel discuss assignments of error relative to the refusal of a motion for new trial, but is not deemed necessary to here set them out.

HARSH, BEDDOW & FITTS, for appellee. Count 1 as amended did not seek to fix negligence per se for a mere existence of a defect in a roof and was in all respects sufficient.—*L. & N. v. Mothershed,* 12 South. 114; *A. G. S. v. Davis,* 119 Ala. 572; *Jackson L. Co. v. Cunningham,* 141 Ala. 213; *West Pratt C. Co.· v. Andrews,* 43 South. 348; *Sloss-S. S. & I. Co. v. Hutchinson,* 40 South. 114; *Republican I. & S. Co. v. Williams,* 53 South. 76; *Sloss-S. S. & I. Co. v. Green,* 43 South. 301. On the same authorities count 3 must also be held sufficient. The court was not in error in giving the charges requested by plaintiff.—*Pioneer M. & M. Co. v. Smith,* 150 Ala. 359; *So. Ry. v. Guyton,* 122 Ala. 241; *So. Ry. v. Howell,* 135 Ala. 648. The contention that the general affirmative charge should have been given to the defendant is based wholly upon the assumption that plaintiff was guilty as a matter of law of contributory negligence and assumption of risk, while the facts are that under the evidence in this case, it was a question for the jury, and was properly submitted to them for determination.—*Pioneer M. & M. Co. v. Smith, supra; So. Ry. v. Guyton, supra;* Bailey on Personal Injuries, sec. 899. Counsel discuss charges refused to defendant, but without citation of authority.

DOWDELL, C. J.—This is an action under the Employer's Liability Act (Code 1907, §§ 3910-3913) for personal injuries received by the plaintiff from the falling upon him of rock from the roof of a mine operated by the defendant. The trial was had upon the first

and third counts of the complaint, the second and fourth having been charged out by the court; and, demurrers to said first and third counts having been overruled, the defendant pleaded in short by consent the general issue, with leave to give in evidence any special matter of defense that might be specially pleaded, and with leave to the plaintiff to put in evidence any special matter that might be made the subject of special replication. There were verdict and judgment for the plaintiff, and the defendant prosecutes this appeal.

The first assignment of error is based on the court's overruling the demurrer to count one as amended. This count is framed under the Employer's Liability Act (section 3910, subd. 1, of the Code of 1907). It avers that defendant was operating a certain coal mine, and that while plaintiff was in the service or employment of the defendant, and while he was in said mine engaged in or about the business of the defendant in said service or employment, a part of the roof or top of said mine fell upon or against him, proximately causing the injuries for which damages are claimed. Thus far the averments of this count are adopted by the third count. Then the first count proceeds: "Plaintiff avers that said part of said roof or top fell upon or against him, as aforesaid, and he suffered, said injuries and damage, by reason and as a proximate consequence of a defect in the condition of the ways, works, machinery, or plant used in or connected with the said business of defendant, which defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the service or employment of defendant intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition, viz., said part of said roof or top which fell upon or against him was defective."

[Little Cahaba Coal Co. v. Gilbert.]

Appellant contends that this count is demurrable in that it seeks to fix negligence, per se, upon the defendant, from the mere existence of a defect in the roof, citing *Merriweather v. Sayre,* 161 Ala. 441, 49 South. 916. This contention is based upon an incorrect premise. It overlooks the averment that the defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in its employ and intrusted by it with the duty of seeing that the ways, works, etc., were in a proper condition. The count in the *Merriweather Case, supra,* does not follow the statutory language, and is evidently based upon the common-law duty of the master to exercise due care to have the premises reasonably safe for its servants to work in, and that duty is met when reasonable care and skill are exercised that such reasonably safe place may be afforded. Hence it was held in that sort of case that the averment of a mere failure to furnish a reasonably safe place in which to work was insufficient. Here the averment is that the defect arose from or had not been discovered or remedied by reason of negligence, for which, under the language of the statute, the master is responsible; and therefore it cannot be said that this count would charge the master with liability solely for the existence of a defect, without more. The demurrer on this ground is not well taken.—*Jackson Lumber Co. v. Cunningham,* 141 Ala. 206, 37 South. 455; *A. G. S. R. R. Co. v. Davis,* 119 Ala. 572, 24 South. 862.

It is further contended that this count does not show that the plaintiff was engaged in the duties of his employment at the time he was injured, yet the count avers that at the time of the injury plaintiff was in the employment of defendant and was in the mine engaged in defendant's business in such employment.

Another ground of demurrer to the first count is that the defect alleged is not sufficiently described. It will be noted that the first count avers that the injury was caused by a part of the roof or top of the mine falling on the plaintiff, that this was the proximate consequence of the defect in the ways, works, etc., arising from negligence, and that this defect was in that part of the roof which fell upon plaintiff, or, rather, that that part of such roof was defective. True it is, as has often been held by this court, that "a complaint declaring on negligence under the Employer's Liability Act should in respect of certainty conform to rules which under our system apply to pleadings generally. Those rules permit the averment of conclusions, but conclusions when employed must ordinarily be accompanied with averments of fact whereon issues can be understood, joined, and tried."—*L. & N. R. R. Co. v. Jones,* 130 Ala. 470, 30 South. 590. In that case the following averment was held sufficient: "Caused or allowed the attempt to get said car upon said rails without proper appliances." In the case of *Jackson Lumber Co. v. Cunningham,* 141 Ala. 206, 37 South. 445, the defect in the ways, works, etc., was held to have been sufficiently pointed out by the words: "The said railway from which the said engine was derailed as aforesaid at or near the point of derailment was defective."

It is also contended that the above count is defective in that it fails to aver that it was defendant's duty to prop or secure the roof or to have it safe, and a breach of that duty. In reply to this, it is only necessary to call attention to the fact that the Employer's Liability Act provides that: "When a personal injury is received by a servant or employee in the service or business of the master or employer, the master or employer is liable to answer in damges to such servant or

employee, as if he were a stranger, and not engaged in such service or employment, in the cases following: When the injury is caused by any defect in the condition of the ways, works, machinery, or plant, connected with, or used in the business of the master or employer, * · * * which defect arose from or had not been discovered or remedied owing to the negligence of the master," etc. The duty of the master to protect the servant while engaged in his employment from injury by reason of defects in the ways, works, etc., arising from negligence with which the master is chargeable, is a duty growing out of the relation of master and employee under this act, and, when the averments of a count bring it within the statute, it is not necessary to add to the averments required by the statute that it was the defendant's duty to prevent the defect which is averred to have arisen from negligence, of the sort for which the master is made liable by the statute. As was said in the case of *Republic Iron & Steel Co. v. Williams*, 168 Ala. 618, 53 South. 78: "Every complaint for negligence must show a relation between the parties out of which arises a duty owing from the defendant to the plaintiff. Extremest advocates of the modern practice of general and informal allegation in complaints have not yet denied the necessity of averring such a relation. That much shown, we have a long line of cases, running back to *Leach v. Bush*, 57 Ala. 145, which hold that an averment that the defendant negligently failed to do and perform the act imposed by duty, sufficiently states a cause of complaint. * * * Complaints in tort for negligence are much dependent upon the use of the word 'negligently.' Without regard to the policy of brevity, it would be difficult in many cases to draw a complaint without the use of this word, and where, from all the

facts that could be stated, it would remain for the jury to draw the inference of negligence vel non, the pleader must of necessity draw the inference in stating his case. * * * We do not for a moment suppose the word to be essential in every case, nor that it may not be ineffectively or inaptly used, but plainly it covers a multitude of omissions and is exceedingly useful." The case of *Horan v. Gray & Dudley,* 159 Ala. 159, 48 South. 1029, which was based upon a failure to warn of danger, is not in conflict with our ruling here. Under the principles laid down in our former decisions, the first count was not subject to the demurrer interposed.

The third count adopts the first part of count 1 and then charges: "Plaintiff avers that said part of said roof or top fell upon or against him, as aforesaid, and he suffered said injuries and damage by reason and as a proximate consequence of the negligence of a person in the service or employment of defendant, who had superintendence intrusted to him, whilst in the exercise of such superintendence, viz., one McGinnis, in the exercise of such superintendence, negligently caused or allowed said part of said roof or top to fall upon or against plaintiff on the said occasion."

This count is framed under the second subdivision of the Employer's Liability Act. It is contended that this count is demurrable for that it fails to show a duty on the part of the defendant or its superintendent to secure the roof from falling on plaintiff, and a breach of that duty; or that said superintendent had knowledge of the probable danger of the roof's falling on plaintiff; or that he could have ascertained that fact by the exercise of due care. From what has been observed in regard to the demurrers to the first count, and also upon the authority of *Robinson Mining Co. v. Tolbert,* 132 Ala. 462, 31 South. 519, it appears that the court

below committed no error in overruling the demurrer to the third count of the complaint. In the case last cited, it was said: "The averment of negligence in the third count is 'that plaintiff received said injuries and suffered said damage as aforesaid, by reason and as a proximate consequence of the negligence of a person, to wit, one Frierson, in the service or employment of defendant, and intrusted by defendant with superintendence, whilst in the exercise of such superintendence, to wit, said person negligently failed to warn or notify plaintiff of the presence of the large quantity of a high explosive, at or near the place where defendant was at work as aforesaid, though there was present at or near the said place at which plaintiff was at work a large quantity of a high explosive, which exploded as aforesaid.' The demurrer to this count was that 'it is not alleged that the said Frierson knew of the presence of a large quantity of a high explosive at or near the place of work of the plaintiff at the time of the injury.' The plaintiff was not bound to make such allegation in his complaint. It was only necessary to allege in the manner done the negligence of defendant, and *prove* that defendant knew, or was in a position by the exercise of reasonably prudent care to know, of the presence of the high explosive at or near the place of the injury"— citing *L. & N. R. R. Co. v. Coulton,* 86 Ala. 129, 5 South. 458; *L. & N. R. R. Co. v. Allen,* 78 Ala. 494.

It is next contended that the court below erred in giving the following written charge at the request of plaintiff: "If the jury is reasonably satisfied from the evidence that either the first or third count of the complaint is true, then the plaintiff's case is made out. In support of this contention, appellant cites the cases of *Frierson v. Frazier,* 142 Ala. 232, 37 South. 825, and *Ala. Steel & Wire Co. v. Thompson,* 166 Ala. 460, 52

South. 75. The alleged vice of this charge is that it ignores the defense of contributory negligence, directing a verdict for the plaintiff if he proves the negligence alleged in the two counts, or either of them, without regard to his contributory negligence, if any; and that this vice is not cured by the giving of the numerous special charges requested by the defendant submitting the question of contributory negligence to the jury in every possible phase presented by the testimony. The charge which was held bad in the case of *Frierson v. Frazier, supra,* was as follows: "If from the evidence you are reasonably satisfied that the defendant was guilty of negligence, and such negligence was the direct cause of the injuries complained of your verdict should be for the plaintiff." It will be noted that this charge directs a verdict on the proof of negligence without more, while the charge in the case at bar merely states that if the plaintiff proves the two counts which were left in by the court, or either of them, his case was made out. It does not direct a verdict; it does serve the purpose of informing the jury that in order to make out a case it was not incumbent upon plaintiff to prove every count of his complaint. While the form of this charge is not to be commended, on account of its possible tendency to mislead the jury in some cases, we are assured that, with the numerous charges shown by this record as given, submitting the question of contributory negligence as a defense though the plaintiff should prove the negligence averred in his complaint, the jury in this case could not have been mislead. The charge which was condemned in the case of *Ala. Steel & Wire Co. v. Thompson, supra,* read as follows: "If the evidence reasonably satisfies the jury that the material averments of any one count of the complaint are true, they will find a verdict for the plaintiff." This charge

[Little Cahaba Coal Co. v. Gilbert.]

also directs the verdict, and was properly held bad, for
the same reasons as in the *Frierson Case.* Strictly con-
sidered, from a technical standpoint, the charge we are
considering states a correct proposition, and would be
understood by a lawyer to mean that, if the plaintiff
proves either of certain counts, he has made out his
case; that is, that he has gone as far as is necessary
in order to put upon the defendant the burden of prov-
ing some one of its pleas. If it could mislead a jury
of laymen, the defendant could protect itself by asking
an explanatory charge. Manifestly, there was no re-
versible error in the giving of this charge, in this case,
though it might properly have been refused on account
of its possibility of misleading.

Another of the assignments of error is based upon
the giving by the court of the following charge: "Mas-
ter and servant do not stand upon an equal footing even
when they have equal knowledge of the danger. The
position of the servant is one of subordination  and
obedience to the master, and he has the right to rely
upon the superior skill of the master, and is not en-
tirely free to act upon his own suspicions of danger."
This charge is part of a statement in Bailey on Personal
Injuries, quoted in full and approved by this court in
*Pioneer Mining & Mfg. Co. v. Smith,* 150 Ala. 359, 43
South. 561, as being in line with the doctrines laid
down by this court in *Southern R. R. Co. v. Guyton,*
122 Ala. 231, 25 South. 34; *So. Ry. Co. v. Shields,* 121
Ala. 460, 25 South. 811, 7 Am. St. Rep. 66; *So. Ry. Co.
v. Howell,* 135 Ala. 648, 34 South. 6. The concluding
part of this quotation, omitted from the charge as re-
quested, is: "If a servant, being ordered into a posi-
tion, obeys and is injured, he will not be held to be
guilty of contributory negligence, unless the danger
is so glaring that a reasonably prudent person would

not have entered into it." The proposition announced in the charge as given, while broad and general in its statement, and, with the concluding sentence of the original omitted, having some tendency to mislead, yet it cannot be affirmed to constitute bad law. Nor is the charge abstract as applied to some of the testimony for the plaintiff. When considered in connection with charges 12, 22, 23, and 24, given at the request of the defendant, the jury could hardly have been misled into the belief that under the law the plaintiff had an unqualified right to rely upon the superior skill or assurance of his employer as to his own safety, even if it should be conceded that the charge objected to had a tendency in that direction. Charge 22, given for defendant, reads: "The court charges the jury that even though the mine foreman may have told the plaintiff to place the cross-collars 10 feet apart, and the plaintiff relied on such assurance, yet, if the jury believe from the evidence that the plaintiff thereafter was warned, by falling rock or otherwise, that the roof was dangerous at the place where he was injured, and remained thereat or thereunder or dangerously near an obviously dangerous place for an unreasonable length of time after such warning, then you cannot find for the plaintiff under any count of the complaint." There were several other charges given along this line, going to show that the law required the plaintiff to guard against obvious dangers, etc. No reversible error was committed in the giving of the charge requested by plaintiff.—*L. & N. R. R. Co. v. Handley,* 174 Ala. 593, 56 South. 539.

Charge C was properly refused to the defendant, because it ignores the question of the negligence vel non of the plaintiff's conduct hypothesized in the charge,

and also singles out and tends to give undue promi-
nence to a part of the evidence.

Furthermore, the proposition embraced in this charge
is substantially covered by other charges given at de-
fendant's request.

Nor was there any reversible error in refusing to
give charge "E," which was to the effect that "plain-
tiff is presumed to know of the result of natural laws
and dangers and that unsupported rocks are liable to
fall." There is a misleading tendency in this charge.
From it the jury might well have understood the court
to charge them that as a matter of law the plaintiff was
presumed to know that the rock which fell upon him
was liable to so fall, when, under the evidence, this was
a question for the jury; and, moreover, the testimony
for the plaintiff tended to show that that part of the
roof which fell was supported in accordance with the
orders of the defendant's foreman, and that the sup-
ports were by such orders placed so far apart as to ren-
der the roof unsafe, and that by reason of this the fall-
ing of the rock upon plaintiff resulted.

Appellant insists that the affirmative charge should
have been given in favor of the defendant under both
counts, basing its insistence mainly upon the alleged
contributory negligence of the plaintiff. We are of
the opinion that the case was one, under all of the evi-
dence, to be submitted to the jury on the question of
contributory negligence. The evidence in this respect
was in conflict.

We cannot agree that the appellant is right in its
contention as to the alleged error of the court in over-
ruling the motion for a new trial. There is undoubted-
ly considerable evidence supporting the appellant's the-
ory of the case, but the same may be said as to the
plaintiff's contentions. The issues were very properly

34—178

submitted to a jury to determine upon a consideration of all of the evidence in the case, and we would not be justified in setting aside that determination. We will not unduly lengthen this opinion by a detailed statement of the evidence. It has had careful consideration. We will briefly observe that, while there was considerable evidence tending to show contributory negligence and assumption of risk, yet the evidence adduced by the plaintiff tended to show that he was engaged in his employment by the defendant in widening a mine entry and placing supports therein, so that the same might be used for a side track; that he was putting up the permanent props under the direction and supervision of the mine foreman, one McGinnis, at distances of 5 feet apart, a distance that plaintiff thought safe; that these props or cross-collars were made of 10 x 10 timbers, two upright at either side and one cross-piece overhead supporting the top or roof; that said foreman then ordered him to put such cross-collars 10 feet apart, as being more economical; that he had placed one cross-collar 10 feet beyond the last one, as directed, at the time of the injury; that he was working 10 feet beyond that, marking out a hitch for another prop, when he pulled out a small rock with his pick, then a small rock fell, which he got out of the way of; that he then started back to the last cross-collar, making his way back to the side track where his timbers were, and, noticing that one of the uprights was a few inches out of line, he stooped to shove it back in place, as he passed, but did not move, and he had gone perhaps two steps, when the large rock fell on him from the roof between the last two props that were 10 feet apart producing his injuries. There was also evidence tending to show that it was not safe to place the props 10 feet apart. Plaintiff testified that in doing his work he

was to make the roof safe, but that he was to do it according to orders.

With this evidence before the court, the case was properly submitted to the jury. It cannot be said from the evidence as a matter of law that the danger was so obvious as to require the servant to desist from his work or presence at the place of the injury; under all the evidence, there being considerable conflict therein, that was a question for the jury.—*L. & N. R. R. Co. v. Handley,* 174 Ala. 593, 56 South. 539; *Pioneer Mining & Mfg. Co. v. Smith,* 150 Ala. 356, 43 South. 561; *So. Ry. Co. v. Guyton,* 122 Ala. 231, 25 South. 34. Applying the principles of law to the facts of each particular case, we are unable to detect anything in the cases cited by appellant which are in conflict with our holding in the instant case. See 1 Labatt on Master & Servant, §§ 438, 439, 440; 2 Labatt on Master & Servant, § 650.

We find no error in the record.

Affirmed.

SIMPSON, ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.